WHITE v TAYLOR DISTRIBUTING COMPANY, INC

Docket No. 292066. Submitted July 14, 2010, at Detroit. Decided September 9, 2010, at 9:00 a.m.

Sherita and Derrick White brought a negligence action in the Oakland Circuit Court against Taylor Distributing Company, Inc., Penske Truck Leasing Company, L.P., and James Birkenheuer after a tractor-trailer Birkenheuer was driving struck a van Sherita White was driving when Birkenheuer allegedly passed out following a severe gastrointestinal disturbance. The court, Deborah G. Tyner, J., granted defendants' motion for summary disposition on the basis of the sudden-emergency doctrine, and plaintiffs appealed. The Court of Appeals, MARKEY, P.J., and MURPHY, J. (K. F. KELLY, J., dissenting), held that the trial court erred by granting summary disposition in favor of defendants. 275 Mich App 615 (2007). Defendants applied for leave to appeal, which the Supreme Court granted. 480 Mich 961 (2007). The Supreme Court affirmed the decision of the Court of Appeals and remanded the case to the trial court, concluding that there was a genuine issue of material fact regarding whether the sudden-emergency doctrine applied. 482 Mich 136 (2008). On remand, the trial court, Daniel Patrick O'Brien, J., again granted summary disposition in favor of defendants. The trial court concluded that a release Sherita White had signed when she settled a first-party action against her no-fault insurer, which stated that the release referred to "any and all . . . claims/benefits" arising out of the accident, also released defendants from liability. Plaintiffs appealed.

The Court of Appeals *held*:

To create a third-party beneficiary, a contract must expressly contain a promise to act to the benefit of the third party. While the release in this case identified the insurer and its agents, it made no mention of other persons, including defendants. Consequently, the question was whether a sufficiently designated class existed in the release for the direct benefit of whom Sherita White demonstrated an undertaking. The trial court conflated who was being released with what was being released. The language at issue, which stated that the release referred to "any and all . . . claims/benefits"

arising out of the accident, only underscored the absolute immunity that the express beneficiaries of the release—Sherita White's insurer and those who might be subject to liability because of a relationship with her insurer—enjoyed. It did not release all potential defendants from liability.

Reversed and remanded.

RELEASE — SCOPE — THIRD-PARTY BENEFICIARIES.

To create a third-party beneficiary, a release must expressly promise to act to benefit a third party or a sufficiently designated class.

*Gursten, Koltonow, Gursten, Christensen & Raitt, P.C.* (by *Steven M. Gursten, Ian M. Freed,* and *Kathleen E. Johnson*), for plaintiffs.

*Kopka, Pinkus, Dolin & Eads, P.L.C.* (by *John T. Eads, III,* and *John M. Callahan*), for defendants.

Before: SHAPIRO, P.J., and SAAD and SERVITTO, JJ.

PER CURIAM. In this automobile negligence action, plaintiffs appeal as of right the trial court's order granting summary disposition to defendants—an individual, his employer, and the owner of the truck the individual was driving when the underlying accident occurred. We reverse and remand. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

On March 15, 2004, plaintiff[1] was stopped in her van when defendant James Birkenheuer, driving a tractor-trailer owned by defendant Penske Truck Leasing Company, L.P., in the course of his employment with defendant Taylor Distributing Company, Inc., collided with the rear of plaintiff's vehicle, allegedly causing serious injury. Birkenheuer maintained that the sudden onset

---

[1] Because plaintiff Derrick White's interest in this case is derivative of that of plaintiff Sherita White, in this opinion use of the singular "plaintiff" will refer to the latter.

of a medical condition caused him unexpectedly to faint before he was able to stop.

The trial court initially granted summary disposition in favor of defendants on the ground that the accident was the result of a sudden emergency, but this Court reversed. *White v Taylor Distrib Company, Inc.*, 275 Mich App 615, 631; 739 NW2d 132 (2007), aff'd 482 Mich 136 (2008).

On remand, defendants argued that a release plaintiff signed when settling a first-party action with her no-fault insurer, Amex Insurance Company, relieved defendants of liability in this matter. That release included the following provisions:

> IN CONSIDERATION of the payment to the undersigned, ... [plaintiff] does hereby release and forever discharge AMEX INSURANCE COMPANY ..., and their officers, employees, principals, shareholders, executors, administrators, agents, successors, insurers and assigns of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and/or compensation on account of, or in any way growing out of, any and all known and unknown personal injures and property damage resulting or to result from an accident that occurred on or about March 15, 2004.

> IT IS expressly agreed that this Release also refers to any and all (past, present and future) claims/benefits arising or that may arise from the March 15, 2004 accident.

> *       *       *

> THIS release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this release are contractual and not a mere recital.

In construing this release as precluding plaintiff's recovering from defendants, the trial court stated, "I find that the court's decision is . . . dictated by appellate

law by precedent and in this instance I find that the case of *Romska* [*v Opper*, 234 Mich App 512; 594 NW2d 853 (1999)], or the cases upon which it[']s based is stare decisis to this case," but expressed doubts that this ruling reflected plaintiff's actual intent in signing the release.[2]

This Court reviews de novo a trial court's decision on a motion for summary disposition as a question of law. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). Contract interpretation likewise presents a question of law, calling for review de novo. *Archambo v Lawyers Title Ins Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002). When construing a contract, this Court will read it as a whole and attempt to apply its plain language. *Old Kent Bank v Sobczak*, 243 Mich App 57, 63; 620 NW2d 663 (2000). Accordingly, the various parts of a contract should be read together. See *JAM Corp v AARO Disposal, Inc*, 461 Mich 161, 170; 600 NW2d 617 (1999); *First Baptist Church of Dearborn v Solner*, 341 Mich 209, 215; 67 NW2d 252 (1954).

Defendants are nonparties to the release and thus are claiming rights under it as third-party beneficiaries. In Michigan, a third-party beneficiary of a contract "stands in the shoes of the promisee" and thus may enforce the contract against the promisor. *Koppers Co, Inc v Garling & Langlois*, 594 F2d 1094, 1098 (CA 6, 1979), citing MCL 600.1405. However, to create a third-party beneficiary, a contract must expressly contain a promise to act to benefit the third party. *Dynamic Constr Co v Barton Malow Co*, 214 Mich App 425, 427-428; 543 NW2d 31 (1995), citing MCL 600.1405.

---

[2] See n 3 of this opinion.

The instant release identified plaintiff's insurer and its agents in great detail, but made no mention of any other persons, including defendants. The question, then, is whether defendants were members of a class somehow identified within the release. "[T]o qualify as third-party beneficiaries, the language of the release[] must have demonstrated an undertaking by plaintiff *directly* for the benefit of [defendants] or for a sufficiently designated class that would include [defendants]." *Shay v Aldrich*, 487 Mich 648, 663; 790 NW2d 629 (2010).

In *Romska*, the release language interpreted as applying to all potential defendants was " 'I/we hereby release and discharge [two named individuals] . . . and *all other parties, firms, or corporations who are or might be liable*, from all claims . . . .' " 234 Mich App at 514.[3] As plaintiff points out, this language, indicating who was released, was broader than anything found in the instant release. In the latter, the only class described was plaintiff's insurance company and its "officers, employees, principals, shareholders, executors, administrators, agents, successors, insurers and assigns . . . ." This description was an attempt to identify those persons or entities who might be subject to liability because of a relationship with the insurer. There is no way to read that description as including defendants.

---

[3] In *Shay*, 487 Mich at 651, 653-654, 660-661, our Supreme Court overruled *Romska*'s prohibition on parol evidence in interpreting generic "all other persons" language. Accordingly, determinations of what parties are intended to be included by ambiguous "all other persons" language is now determined on a case-by-case basis. However, because the language of the present release unambiguously excluded defendants, *Romska* as it existed before *Shay* was inapplicable to the instant case, and we need not remand for a determination in light of parol evidence under *Shay*.

Defendants persuaded the trial court to interpret the second paragraph of the release as applying to any potential defendant, thus including themselves: "IT IS expressly agreed that this Release also refers to any and all (past, present and future) claims/benefits arising or that may arise from the March 15, 2004 accident." Defendants argued, and the trial court agreed, that "any and all . . . claims/benefits" meant all such claims in connection with any defendant. We disagree that this language invoked all humanity as released from potential liability and instead agree with plaintiffs that it in fact underscored the absolute immunity that the specified class was to enjoy.

By interpreting the second paragraph to universally release any potential defendant, the trial court confused and conflated *who* was being released with *what* was being released. We read the second paragraph's specification of release from "any and all . . . claims/benefits" as comporting with the first paragraph's listing of "any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and/or compensation on account of, or in any way growing out of, any and all known and unknown personal injures and property damage resulting or to result from an accident" by way of supplementing that list of particulars with a general provision intended to ensure that plaintiff would thereafter place no demands whatever on the specified persons or entities.

Supporting this reasoning is *Batshon v Mar-Que Gen Contractors, Inc*, 463 Mich 646, 650; 624 NW2d 903 (2001), in which our Supreme Court held that broad language describing what was released—" 'all consequences of the injuries, losses and damages sustained,' "—applied to the more narrowly identified persons and entities being released.

For these reasons, the trial court erred by granting defendants summary disposition pursuant to MCR 2.116(C)(7) (claim barred by release). We therefore vacate that order and remand this case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

SAAD, J. (*concurring*). I concur in the result only.