*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA BASS,

      Plaintiff-Appellant,

v

SOUTHGATE HOSPITALITY, INC., doing
business as HOLIDAY INN SOUTHGATE,

      Defendant-Appellee.

UNPUBLISHED
March 21, 2019

No. 340585
Wayne Circuit Court
LC No. 16-008680-NO

Before: MURRAY, C.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

The material facts, taken in a light most favorable to plaintiff, are as follows. Plaintiff and her boyfriend, Donald Rowell, arrived at defendant's hotel for a wedding reception. They arrived at the door to the banquet room, which was not yet open. The floor in that particular area was marble or tile. Plaintiff slipped and fell, landing on her left knee. At that point, plaintiff noticed that the floor was wet with water. A gentleman standing outside of the banquet room door told plaintiff that a hotel employee had just mopped the area but had failed to put a sign up. Plaintiff believed that the man was a hotel employee, but failed to get his name or contact information.

Defendant eventually filed a motion for summary disposition, arguing that plaintiff had failed to offer evidence that demonstrated a genuine issue of material fact regarding whether the liquid on the floor was open and obvious and whether defendant had notice of the liquid. The trial court granted defendant's motion for summary disposition, concluding that the evidence did not demonstrate a genuine issue of material fact regarding whether the liquid was open and obvious.

## II. ANALYSIS

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014) (quotation marks and citation omitted). Defendant raised, and the trial court addressed, whether the liquid was open and obvious. Therefore, that issue is properly preserved on appeal. So too is the issue whether defendant had notice of the condition, for it is well-settled that if a party raises an issue before the trial court, but the court fails to decide the issue, that party " 'should not be punished for the omission of the trial court.' " *Klooster v City of Charlevoix*, 488 Mich 289, 310; 795 NW2d 578 (2011), quoting *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). See also *Jimkoski v Shupe*, 282 Mich App 1, 4; 763 NW2d 1 (2008) ("Because this issue was raised in the trial court, it is preserved for review."). Thus, even though the trial court did not decide the notice issue,[1] both parties raised it before the court. We conclude it is preserved.

An appellate court reviews a trial court's grant of summary disposition de novo as a question of law. *White v Taylor Distrib Co, Inc*, 289 Mich App 731, 734; 798 NW2d 354 (2010). When this Court reviews a decision on a motion for summary disposition under MCR 2.116(C)(10), it must "consider the documentary evidence presented to the trial court 'in the light most favorable to the nonmoving party.' " *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 538-539; 620 NW2d 836 (2001), quoting *Harts v Farmers Ins Exch*, 461 Mich 1, 5; 597 NW2d 47 (1999). A motion for summary disposition should be granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Greene v AP Prod, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (quotation marks and citations omitted). " 'A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.' " *In re Lett Estate*, 314 Mich App 587, 595; 887 NW2d 807 (2016), quoting *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

We will assume, for purposes of this opinion, that plaintiff established a genuine issue of material fact regarding whether the liquid on defendant's hotel floor was open and obvious. However, even with this assumption, defendant's motion was still properly granted as there was no genuine issue of material fact that defendant did not have notice of the condition.

In order to prevail on a premises liability claim, a plaintiff must prove that the landowner had "actual or constructive notice of the dangerous condition at issue[.]" *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 9; 890 NW2d 344 (2016) (quotation marks and citation omitted). A defendant is not required to show that it lacked notice of the condition, but only needs to demonstrate that the evidence presented by the plaintiff is insufficient to demonstrate notice. *Id*. at 8-9. However, notice is inferred if the landowner created the alleged hazardous condition. *Hulett v Great Atlantic & Pacific Tea Co*, 299 Mich 59, 66-67; 299 NW 807 (1941); *Berryman v*

---

[1] We recognize that, given its ruling on the duty issue, there was no need for the trial court to decide the notice issue.

*K Mart Corp*, 193 Mich App 88, 93; 483 NW2d 642 (1992). Evidence that a report was made, an employee was present and knew about the condition, or the condition was present for a long period of time are all relevant in determining whether a landowner had notice. *Lowrey*, 500 Mich at 11-12. However, "[s]peculation and conjecture are insufficient to create an issue of material fact." *Ghaffari v Turner Constr Co (On Remand)*, 268 Mich App 460, 464-465; 708 NW2d 448 (2005).

The only evidence that plaintiff offered regarding whether defendant had notice of the liquid on the floor was her testimony and Rowell's affidavit which stated that a gentleman, who they believed was an employee, was present and told them that a housekeeper had recently mopped. For at least two reasons, that evidence is insufficient to create a genuine issue of material fact regarding whether defendant had notice of the liquid. First, that evidence does not create a factual dispute as to whether that gentleman was an employee, because plaintiff's and Rowell's statements only state that they believed the man was an employee, as neither were able to identify the man. Thus, the statements offer nothing more than their own speculation and conjecture as to who the man was, and for whom he worked.[2] Second, the gentleman's statement that a housekeeper had mopped is insufficient to establish that a housekeeper had actually mopped. Without any further foundation, that statement is an out-of-court statement offered to prove the truth of the matter asserted, and is inadmissible hearsay that cannot be considered in deciding whether a genuine issue of material fact exists. MRE 801(a) to (c); MRE 802; *SSC Assoc Ltd Partnership v Gen Retirement Sys of City of Detroit*, 192 Mich App 360, 364; 480 NW2d 275 (1991).[3]

For these reasons, summary disposition was proper for defendant because plaintiff failed to demonstrate a genuine issue of material fact regarding whether defendant had notice of the liquid on the floor.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael F. Gadola
/s/ Jonathan Tukel

---

[2] It's just as plausible to speculate the individual was associated with the wedding reception or some other event taking place at the hotel.

[3] Additionally, evidence was offered demonstrating that it is unlikely that the gentleman was one of defendant's employees. Lauth testified that hotel employees never man the banquet room door when it is locked, that employees generally do not wear a uniform or carry around a clipboard, and that employees always wear a name tag. Sheila Kwalton, an employee of defendant who had attended the wedding reception as a guest, also testified that employees never wait outside the banquet room door and that employees always wear name tags.