*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THELMA PEEPLES,

   Plaintiff-Appellant,

v

MICHAEL ANGELO CANFIELD,

   Defendant-Appellee.

UNPUBLISHED
April 18, 2019

No. 341599
Wayne Circuit Court
LC No. 16-005496-NF

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this automobile negligence action, plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(10). We affirm.

On September 5, 2013, plaintiff was traveling west on Eight Mile Road in Detroit when defendant—who was traveling north on Hubbell Avenue—disregarded the traffic signal at Eight Mile Road and collided with plaintiff's car. The accident was not severe enough to cause the airbags in plaintiff's car to deploy. After the accident, plaintiff was taken to Sinai Grace Hospital and was released that same evening. On April 28, 2016, plaintiff filed a complaint against defendant.

During discovery, it was revealed that plaintiff has a history of back pain and migraines, dating back to before the accident. After the accident, plaintiff complained of pain in her neck, back, right arm, shoulder, and jaw. Plaintiff sought treatment with pain-management specialists, who gave her injections to help relieve the pain. Plaintiff's dentist, Dr. Timothy Kosinski, documented that plaintiff had developed a "clicking" in her jaw after the accident. On June 27, 2017—over 3½ years after the accident and over one year after plaintiff filed her complaint— plaintiff was diagnosed with herniated discs in her neck. At her deposition, plaintiff testified that her injuries prevented her from engaging in activities that she had enjoyed before the accident, like cooking, gardening, dancing, and cleaning. Yet, according to independent medical examinations of plaintiff, her injuries from the car accident should have required a maximum of three to four months of physical therapy, and her dental problems were the result of other dental issues unrelated to the accident.

Following discovery, defendant moved for summary disposition under MCR 2.116(C)(10), arguing that the evidence did not present a genuine issue of material fact whether plaintiff sustained a serious impairment of body function. After a hearing, the trial court granted defendant's motion. Plaintiff filed a motion for reconsideration, asserting for the first time that defendant failed to support his motion for summary disposition with admissible evidence. Plaintiff also presented, again for the first time, an affidavit from Dr. Leon Morris, which stated that plaintiff "sustained objectively manifested injuries" from the accident, including her back pain, neck pain, shoulder pain, migraines, and dislocation of her jaw. Plaintiff believed that the affidavit created a genuine issue of material fact whether plaintiff suffered a serious impairment of a body function. The trial court rejected plaintiff's argument and denied her motion.

On appeal, plaintiff contends that she demonstrated a genuine issue of material fact whether she suffered a serious impairment of body function. We disagree.

An appellate court reviews de novo a trial court's grant of summary disposition. *White v Taylor Distrib Co, Inc*, 289 Mich App 731, 734; 798 NW2d 354 (2010). Defendant moved for summary disposition under MCR 2.116(C)(10). In *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999), our Supreme Court explained the process for reviewing a motion filed under MCR 2.116(C)(10) as follow:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.

A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

Under MCL 500.3135(1), an injured person may recover damages resulting from another's ownership, maintenance, or use of a motor vehicle if that injured person suffered a "serious impairment of body function." A court may determine whether a person suffered a serious impairment of body function as a matter of law if (1) "there is no factual dispute concerning the nature and extent of the person's injuries," or if (2) "there is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function . . . ." MCL 500.3135(2)(a)(*i*) and (*ii*). After that threshold is met, MCL 500.3135(5) provides three "prongs" that must be shown in order to establish a serious impairment of body function:

> (1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the

plaintiff's capacity to live in his or her normal manner of living). [*McCormick v Carrier*, 487 Mich 180, 195; 795 NW2d 517 (2010).]

Under the first *McCormick* prong, an objectively manifested impairment is "an impairment that is evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *Id*. at 196. The focus "is not on the injuries themselves, but how the injuries affected a particular body function." *Id*. at 197. "[P]ain and suffering alone" is insufficient to show a serious impairment of body function, so a plaintiff must "introduce evidence establishing that there is a physical basis for their subjective complaints of pain and suffering[.]" *Id*. at 197-198. Doing so generally, but not always, requires medical testimony. *Id*. at 198.

A plaintiff seeking damages for a serious impairment of body function must also prove that the defendant's conduct was the proximate cause of his or her injuries. *Patrick v Turkelson*, 322 Mich App 595, 616-617; 913 NW2d 369 (2018). The plaintiff must prove both that the plaintiff's injuries would not have occurred but for the defendant's conduct and that the injuries were a foreseeable result of that conduct. *Id*. at 617. "Although causation cannot be established by mere speculation, a plaintiff's evidence of causation is sufficient at the summary disposition stage to create a question of fact for the jury if it establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support[.]" *Id*. (quotation marks and citations omitted).

As a preliminary manner, defendant does not dispute the "nature and extent" of plaintiff's injuries, so the initial threshold is met. Defendant only contends that the injuries that plaintiff allegedly sustained do not meet the test outlined in MCL 500.3135(5) and *McCormick*.

After reviewing the record, we conclude that plaintiff did not establish a genuine issue of material fact whether she suffered an objectively manifested impairment, i.e., the first *McCormick* prong. The evidence that plaintiff relied on either fails to show an objectively manifested impairment or fails to demonstrate causation. The pain-management specialists' reports documented that plaintiff felt constant pain in her neck, back, and right shoulder. An assessment of plaintiff's condition diagnosed that plaintiff felt back pain, neck pain, cervical radicular pain, and myofascial muscle pain. The reports do not necessarily describe a physical cause of plaintiff's pain that was directly attributable to the accident. The reports began around nine months after the accident. Because of plaintiff's history of back pain, that delay indicates that there may be another reason for plaintiff's symptoms, especially in light of the independent medical report which documented that plaintiff's injuries from the accident should not have required more than three or four months of physical therapy treatment. Those reports do not document that plaintiff's pain has a "physical basis" that is explicitly connected to the accident. *McCormick*, 487 Mich at 197-198. While plaintiff may experience pain which impairs certain body functions, that pain does not, by itself, establish an objectively manifested impairment, especially in the absence of a concrete medical diagnosis or evidence tying any of plaintiff's injuries to the accident. *Id*. As for plaintiff's jaw pain, although the letter from Dr. Kosinski documented the pain, it did not describe a medical test performed on plaintiff or an objective diagnosis for plaintiff's pain. Thus, that letter also fails to demonstrate an objective impairment.

The only evidence that plaintiff presented that could have established an objectively manifested impairment was the orthopedic report that plaintiff's C3 and C4 vertebrae were herniated. Yet that report was not prepared until over 3½ years after the accident and does not establish that the impairment was due to the accident. Plaintiff merely asserts that those herniated vertebrae were the result of the accident, but does not provide any evidence in support of that contention. In light of the delay between the accident and the diagnosis, as well as plaintiff's long history of back problems, no reasonable juror could conclude that plaintiff established a sequence of cause and effect showing that those herniated discs were the result of the accident. See *Patrick*, 322 Mich App at 617. That the herniated discs were not caused by the accident is supported by the independent medical report stating that plaintiff's injuries after the accident should not have required more than three or four months of physical therapy. Thus, because plaintiff either failed to establish an objective impairment or failed to demonstrate causation, she failed to establish a genuine issue of material fact whether she suffered an objectively manifested impairment as a result of the accident, and the trial court correctly granted defendant's motion for summary disposition.[1]

Plaintiff alternatively contends that the trial court erred in granting defendant's motion because defendant failed to meet his initial burden of proof. We disagree.

Plaintiff first raised this issue in her motion for reconsideration. An issue that is first presented to the trial court in a motion for reconsideration is not properly preserved. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). This Court reviews unpreserved issues for plain error. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 427 (quotation marks and citation omitted). An error affects a party's substantial rights if it affected the outcome of the proceedings. *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017).

When a party presents a motion for summary disposition under MCR 2.116(C)(10), that party "has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto v Cross and Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id*.; see also MCR 2.116(G)(4). If the burden of proof at trial on a dispositive issue rests on the nonmoving party, the nonmoving party must set forth specific facts showing that a genuine issue of material fact exists. MCR 2.116(G)(4); *Quinto*, 451 Mich at 362. "[W]hile a motion for summary disposition must be supported by admissible evidence, that evidence 'does not have to be in admissible form.' " *Latits v Phillips*, 298 Mich App 109, 113; 826 NW2d 190 (2012), quoting *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*,

---

[1] Having concluded that the trial court properly granted summary disposition because plaintiff failed to establish a question of material fact as to the first *McCormack* prong, we need not address the trial court's alternative reasoning that plaintiff failed to establish a question of fact as to the third *McCormack* prong.

285 Mich App 362, 373; 775 NW2d 618 (2009). A court may consider evidence in a motion for summary disposition as long as the substance of the proposed evidence is plausibly admissible at trial. *Barnard*, 285 Mich App at 373-374.

In her motion for reconsideration, plaintiff contended that certain medical reports that defendant provided in support of his motion for summary disposition were inadmissible hearsay. On appeal, plaintiff continues to make this argument. We conclude that plaintiff's argument fails because she has not demonstrated any prejudice that resulted from those reports being considered.

First, the substance of the reports was plausibly admissible at trial because the doctors who authored the reports could have testified to plaintiff's medical conditions based on personal knowledge. See *Latits*, 298 Mich App at 113 (holding that police reports were admissible to support a motion for summary disposition because, even though they contained hearsay, the police officers could have testified to the substance of the reports at trial). Also, as defendant asserts on appeal, he likely could have obtained affidavits from each doctor that prepared a report if this issue was properly raised by plaintiff. In light of this possibility, it appears that any error was due to plaintiff's decision not to contest the reports sooner, not an error by the trial court. Finally, defendant provided documentary evidence other than the disputed reports to support his motion for summary disposition, including the traffic crash report and plaintiff's deposition testimony. Based on the foregoing, we conclude that plaintiff has failed to demonstrate that the trial court's considering of the disputed reports amounted to plain error affecting substantial rights.

In her final argument on appeal, plaintiff contends that the trial court abused its discretion by denying plaintiff's motion for reconsideration because Dr. Morris's affidavit created a genuine issue of material fact regarding a serious impairment of body function. We disagree.

"This Court reviews for an abuse of discretion a trial court's ruling on a motion for reconsideration." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

A party moving for reconsideration is required to "demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3). A trial court is afforded considerable discretion when deciding whether to grant reconsideration. *Sanders*, 323 Mich App at 264. Thus, a trial court can "decline to consider new legal theories or evidence that could have been presented when the motion was initially decided," but can also give the party moving for reconsideration a "second chance" even if the motion presents nothing new. *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). The mere fact that an appellate court would have ruled on the motion differently is not sufficient to reverse the trial court's decision. *Taylor v Mobley*, 279 Mich App 309, 315; 760 NW2d 234 (2008).

Plaintiff does not explain why she could not have provided Dr. Morris's affidavit before the trial court ruled on defendant's motion for summary disposition. This is especially troubling because everything in the affidavit relates to plaintiff's medical conditions that were discussed

during discovery, and Dr. Morris had been plaintiff's physician for several years. The affidavit merely restates these conditions, and then states that, "within a reasonable degree of medical certainly," they are related to plaintiff's accident. As the trial court has discretion to decline to consider evidence that could have been presented when defendant's motion for summary disposition was initially decided, *Yoost*, 295 Mich App at 220, we cannot conclude that the trial court abused its discretion when it denied plaintiff's motion for reconsideration.

Even considering the contents of Dr. Morris's affidavit, we agree with the trial court that the affidavit did not present any new evidence that the trial court had not already considered. The affidavit states that plaintiff "sustained objectively manifested injuries including cervical radicular pain, lumbar radicular pain, migraines, dislocation of the temporomandibular joint, [and] shoulder radicular pain . . . ." Yet all of these "injuries"—with the exception of the dislocation of plaintiff's jaw—are subjective complaints of pain, not objectively manifested injuries. More importantly, when the trial court granted defendant's motion, it considered evidence that plaintiff experienced neck, back, and shoulder pain in the pain-management reports. The court also already considered that plaintiff had problems with her jaw as stated in the letter from Dr. Kosinski. In short, the affidavit did not describe any alleged objective impairment that the trial court had not already considered, so plaintiff failed to demonstrate palpable error, and the trial court did not abuse its discretion by denying plaintiff's motion.

Affirmed.


/s/ Colleen A. O'Brien
/s/ Kathleen Jansen