*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTOPHER B. DOMAN,

        Plaintiff-Appellant,

UNPUBLISHED
December 29, 2020

v

No. 351410
Oakland Circuit Court
LC No. 2019-172602-CB

EMPIRE OF HONDURAS, S.A.,

        Defendant-Appellee.

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

In this contract matter, plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(8) (failure to state a claim). On appeal, plaintiff argues the trial court erred in determining that defendant was not a party to the plaintiff's employment contract and in barring plaintiff from presenting extrinsic evidence regarding the scope and meaning of the contract. Plaintiff also argues that the trial court erred in denying his request to amend the complaint. We affirm.

## I. BACKGROUND

In 2012, plaintiff's father owned the majority stock interest in defendant, Empire of Honduras, and another corporation, Empire Electronics, Inc. The parties disputed the business and legal relationship between Empire Electronics, Inc. and defendant. Plaintiff claimed that defendant was the manufacturing arm of Empire Electronics, Inc.'s operations, forming "a seamless and vertically integrated business operation that is known internally and in the industry as 'Empire Electronics.' " In contrast, defendant claimed it was an entirely separate company located in, and organized under the laws of, Honduras.

In 2012, plaintiff's father, Empire Electronics, Inc.'s chief executive officer (CEO), and plaintiff entered into a written employment contract that provided the terms and conditions of plaintiff's employment with Empire Electronics, Inc. The contract was prepared on "Empire Electronics" letterhead and plaintiff's father signed it as owner and CEO of "Empire Electronics, Inc." Relevantly, the contract included a signing bonus of "2% of Company Stock." Plaintiff's employment with Empire Electronics, Inc. was delayed until 2015, when plaintiff and his father

revised the contract, making minor changes but leaving the signing bonus unchanged. Plaintiff's father re-signed the contract as "Steven C. Doman," without designation of a title. Plaintiff began working for Empire Electronics, Inc. A few months later, plaintiff's father unexpectedly passed away. Plaintiff received the signing bonus of the 2% stock of Empire Electronics, Inc. after his father's death.

Plaintiff sued defendant, seeking a declaratory judgment and injunctive relief, and alleging defendant breached the contract when it refused to transfer 2% of defendant's stock to plaintiff as part of his signing bonus. Defendant filed an answer, denying liability for plaintiff's claims because defendant was not a party the contract.

Defendant filed a motion for summary disposition, arguing the contract clearly and unambiguously stated plaintiff's employment was with Empire Electronics, Inc.; thus, reference to company stock meant stock in Empire Electronics, Inc. only and could not bind defendant as a party to the contract. Defendant also argued plaintiff could not use extrinsic evidence to create ambiguity that defendant was a party to the contract under the term "Empire Electronics" because it would be inadmissible parol evidence.

Plaintiff responded that defendant failed to meet its burden for summary disposition under MCR 2.116(C)(8) because plaintiff's factual allegations were legally sufficient to state claims on which relief could be granted. Plaintiff again asserted that "[a]lthough Empire Electronics, Inc. and defendant are technically separate companies, they form a seamless and vertically integrated business operation that is known internally and in the industry as 'Empire Electronics.' " In plaintiff's view, defendant was a party to the contract on the basis of the ambiguous letterhead, reference to company stock, and plaintiff's father's signatures. Alternatively, plaintiff argued if summary disposition was granted, the trial court should give him the opportunity to amend his complaint to correct any deficiencies relative to the legal sufficiency of his claim.

Defendant responded that the contract language was unambiguous and could not reasonably be interpreted to include it as a party. Defendant added that admitting parol evidence to give meaning to the contract would create ambiguity where none existed.

The trial court entered an order granting defendant's motion for summary disposition under MCR 2.116(C)(8) and dismissed plaintiff's complaint, deciding that defendant was not a party to the contract. The trial court concluded the contract was clear and unambiguous and denied plaintiff's request to amend the complaint.

Plaintiff filed a motion for reconsideration, arguing that the trial court erred in applying ordinary contract principles because plaintiff's contract was not clear, unambiguous, or fully integrated. Plaintiff asserted that the trial court erroneously denied plaintiff the opportunity to present any extrinsic evidence to support his claims. The trial court denied plaintiff's motion for reconsideration, ruling that it "merely presents the same issues already considered and rejected by this Court, either expressly or by reasonable implication."

This appeal followed.

## II. DISCUSSION

On appeal, plaintiff argues that the trial court erred in granting summary disposition because it incorrectly determined that defendant was not a party to the contract and barred plaintiff from presenting extrinsic evidence regarding the scope and meaning of the contract. Plaintiff also argues that the trial court erred in denying plaintiff's request to amend his complaint after granting summary disposition under MCR 2.116(C)(8). We disagree.

### A. SUMMARY DISPOSITION

We review de novo a trial court's decision regarding a motion for summary disposition under MCR 2.116(C)(8), which tests the legal sufficiency of a complaint. *Eplee v City of Lansing*, 327 Mich App 635, 644; 935 NW2d 104 (2019). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. (quotation marks omitted). When deciding a motion for summary disposition under MCR 2.116(C)(8), a court only considers the pleadings. *Id*. "In a contract-based action, however, the contract attached to the pleading is considered part of the pleading." *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2003); see also MCR 2.113(C)(2). Summary disposition should be granted when "the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. at 644-645 (quotation marks omitted). Likewise, contract interpretation is a question of law we review de novo. *White v Taylor Distrib Co, Inc*, 289 Mich App 731, 734; 798 NW2d 354 (2010).

The goal in contract interpretation is to give effect to the intent of the parties by enforcing the plain and unambiguous language of the contract. *Kendzierski v Macomb Co*, 503 Mich 296, 311; 931 NW2d 604 (2019). "If the contractual language is unambiguous, courts must interpret and enforce the contract as written, because an unambiguous contract reflects the parties' intent as a matter of law." *Id*. (quotation marks omitted). "However, if the contractual language is ambiguous, extrinsic evidence can be presented to determine the intent of the parties. *Id*. (quotation marks omitted).

"A contractual term is ambiguous on its face only if it is equally susceptible to more than a single meaning." *Id*. (quotation marks omitted). Moreover, if two provisions in the contract irreconcilably conflict with one another, the language of the contract is ambiguous. *Id*. If a contract's language is ambiguous, extrinsic evidence may be used to discern the parties' actual intent. *Shay v Aldrich*, 487 Mich 648, 667; 790 NW2d 629 (2010). Extrinsic evidence can also be used to show that latent ambiguity exists, even if the contract itself appears unambiguous on its face. *Id*. at 667-668. "[L]atent ambiguity exists when the language in a contract appears to be clear and intelligible and suggests a single meaning, but other facts create the necessity for interpretation or a choice among two or more possible meanings[;]" whereas, patent ambiguity exists when the contract is ambiguous on its face. *Id*. (quotation marks omitted). To determine if latent ambiguity exists, "a court must examine the extrinsic evidence presented and determine if in fact that evidence supports an argument that the contract language at issue, under the circumstances of its formation, is susceptible to more than one interpretation." *Id*. at 668.

Our Supreme Court has held ambiguity is a "finding of last resort," explaining that "a finding of ambiguity is to be reached only after all other conventional means of interpretation have

been applied and found wanting." *Kendzierski*, 503 Mich at 311 (quotation marks omitted). Thus, we cannot "create ambiguity where the terms of the contract are clear[,]" nor can we "simply ignore portions of a contract . . . in order to declare an ambiguity." *Id*. at 311-312 (quotation marks omitted; ellipsis in original).

Plaintiff contends defendant was a party to the contract because reference to Empire Electronics in the contract includes both Empire Electronics, Inc. and defendant. Plaintiff points to several aspects of the contract that allegedly establish Empire Electronics, Inc. and defendant are known externally and internally to be one and the same company. First, the contract was on "Empire Electronics" letterhead, not Empire Electronics, Inc. specific letterhead, implying the contract was on behalf of Empire Electronics, Inc. and defendant, not Empire Electronics, Inc. alone. Second, the contract's reference to company stock on "Empire Electronics" letterhead indicated plaintiff would receive stock in both Empire Electronics, Inc. and defendant, not just Empire Electronics, Inc. alone. Third, plaintiff's father re-signed the contract in 2015 as himself, not as owner and CEO of Empire Electronics, Inc., suggesting that he was not signing on behalf of Empire Electronics, Inc. alone.

However, we conclude that plaintiff's assertions fail to establish that the contract included defendant as a party. Rather, the contract on its face made no mention of defendant and included plaintiff's father's signature as "Owner and CEO of Empire Electronics, Inc." Moreover, plaintiff's allegation that "Empire Electronics" is widely known as being made up of both defendant and Empire Electronics, Inc. is neither supported in the record, nor evident from the contract. The contract's plain language only purports to bind Empire Electronics, Inc. and evidences no intent to bind defendant, which plaintiff admitted below was a separate corporate entity. Plaintiff's father signed the contract twice, once with the corporate designation as to Empire Electronics, Inc. and once without it. But the 2015 amendment to the contract was written on the original 2012 document and was written on "Empire Electronics" letterhead. Contrary to plaintiff's assertion, the letterhead supports defendant's position that it and Empire Electronics, Inc. are separate entities, and, therefore, the contract could have only bound Empire Electronics, Inc. Additionally, plaintiff is seeking to enforce the 2% stock bonus, which appears in the original 2012 contract and was unmodified in the 2015 amendment. And, even assuming that plaintiff's father signed the 2015 contract in a different capacity than he did in 2012, it would only be in his individual capacity as plaintiff's prospective employer, not in any capacity with "Empire Electronics" or defendant. In short, the contract was clearly an agreement between plaintiff's father, who was also the CEO of Empire Electronics, Inc., and plaintiff—not with defendant or any other party. We decline to use plaintiff's unsupported assertions to override the contract's unambiguous terms or to allow the admission of extrinsic evidence to create an ambiguity where none exists on the face of this clear and unambiguous contract. *Shay*, 487 Mich at 667-668; *Dancey v Travelers Prop Cas Co*, 288 Mich App 1, 8; 792 NW2d 372 (2010) ("Courts must be careful not to read an ambiguity into a [contract] where none exists" (quotations marks omitted).).

Plaintiff also argues the contract was not fully integrated because the terms of the contract were ambiguous. In general, parol evidence is inadmissible to change the written terms of a contract, which are clear and unambiguous. *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998). However, "parol evidence of prior or contemporaneous agreements or negotiations is admissible on the threshold question of whether a written contract is an integrated instrument that is a complete expression of the parties'

agreement." *Id*. An explicit integration clause in a contract is conclusive of the parties' intent to make the document a complete integration of their agreement. *Id*. at 494. When parol evidence is admissible, it may be used to show:

> (1) that the writing was a sham, not intended to create legal relations, (2) that the contract has no efficacy or effect because of fraud, illegality, or mistake, (3) that the parties did not integrate their agreement or assent to it as the final embodiment of their understanding, or (4) that the agreement was only partially integrated because essential elements were not reduced to writing. [*Id*. at 493.]

Plaintiff's contract did not contain an integration clause. As a result, it appears that parol evidence could have been admissible as to whether the contract was "a complete expression of the parties' agreement," in the rare instance where "the written document is obviously incomplete on its face and, therefore, parol evidence is necessary for the filling in of gaps" *Id*. at 492, 494-495. However, plaintiff has not indicated that there was any evidence of prior or contemporaneous agreements or negotiations supporting his argument that the contract was not fully integrated. Instead, plaintiff essentially argues that the contract was not fully integrated for the same reasons that he argues that a latent ambiguity exists. Noting that his father's second signature was as himself instead of as owner and CEO of Empire Electronics, Inc., and the reference to company stock instead of Empire Electronics, Inc. stock, plaintiff argues the contract is not fully integrated and contains latent ambiguity regarding the entities intended to be bound under the contract. As noted above, there is no support for plaintiff's claim that "Empire Electronics" means Empire Electronics, Inc., a Michigan-based company, *and* defendant, a Honduras-based company. We also note plaintiff has not described any proposed extrinsic evidence to support his argument, outside of the allegations in his complaint and the assertion of his mutual understanding with his father that Empire Electronics, Inc. and defendant were the same entity.

However, we recognize the contract's abbreviated detail, the "TBD" reference as to plaintiff's vacation time, and plaintiff's assertion that he and his father mutually regarded Empire Electronics, Inc. and defendant to be one-and-the-same entity under the banner of "Empire Electronics" could evidence a partially integrated contract. If plaintiff's contract was not a complete expression of the agreement between plaintiff and his father, then plaintiff would have been permitted to admit parol evidence that the parties did not intend the contract to contain their full agreement or that an essential element was not included in the contract. But the contract is not "obviously incomplete" regarding defendant's status, as there was no indication that plaintiff and his father had any intention to incorporate other terms into their agreement other than the written contract regarding defendant's role in the agreement. In fact, the revisions and re-signing of the contract three years after the contract's initial execution demonstrated the parties' commitment to this one-page contract constituting their entire agreement, particularly given the failure to reference defendant or to change any wording pertaining to the bonus stock award. Thus, even if the contract was deemed partially or not fully integrated, plaintiff could not establish that there was adequate parol evidence of other relevant agreements or ongoing negotiations with his father as it pertained to defendant's status under the contract.

Because the terms of plaintiff's contract are unambiguous, particularly given the absence of any reference to defendant, the trial court properly precluded plaintiff from introducing extrinsic evidence. Thus, the trial court did not err in granting summary disposition because, under the

-5-

contract's clear and unambiguous language, defendant was not a party to the contract as a matter of law. And, because plaintiff's position that defendant was a party to the contract is incorrect, plaintiff was not entitled to any of his requested equitable relief.

## B. REQUEST TO AMEND

Plaintiff further argues he was wrongly denied the opportunity to amend his complaint after the trial court granted summary disposition under MCR 2.116(C)(8). We disagree.

We review the trial court's decision to grant or deny a party's request to amend its pleadings for an abuse of discretion. *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 142; 715 NW2d 398 (2006). A trial court abuses its discretion when its decision lies outside the range of reasonable and principled outcomes. *In re Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008). In particular, when summary disposition is granted under MCR 2.116(C)(8), the trial court should freely grant the nonprevailing party the opportunity to amend its pleadings, unless the amendment would not be justified. MCR 2.116(I)(5); *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52-53; 684 NW2d 320 (2004). An amendment would not be justified if it would be futile. *Ormsby*, 471 Mich at 53. An amendment is futile when, "(1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction[.]" *PT Today*, 270 Mich App at 143 (citations omitted).

The trial court did not err in denying plaintiff's request to amend his complaint after granting summary disposition, as such amendment would be futile. Put differently, plaintiff cannot create a valid claim against defendant under these factual allegations. Plaintiff and his father were the only parties involved in the contract's creation and execution. The contract, on its face, clearly and unambiguously does not mention or reference defendant. As a result, any amendment to the pleadings would be futile because plaintiff's claim would continue to be legally insufficient on its face and merely restate allegations already made. Accordingly, the trial court did not abuse its discretion when it denied plaintiff's request to amend his complaint.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica

-6-