*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIFFANY LACHELL KING and EMANUEL KING, III,

        Plaintiffs-Appellants,

and

SELECT SPECIALISTS, LLC, AFFILIATED DIAGNOSTICS OF OAKLAND, LLC, and GROESBECK RX, LLC,

        Intervening Plaintiffs,

v

MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY and MARY ANN PAGE,

        Defendants-Appellees.

FOR PUBLICATION
January 19, 2023
9:10 a.m.

No. 359064
Oakland Circuit Court
LC No. 20-183782-NI

Before: YATES, P.J., and JANSEN and SERVITTO, JJ.

YATES, P.J.

The complexity of our no-fault act, MCL 500.3101 *et seq.*, is evident in this case. Plaintiffs, Tiffany Lachell King and Emanuel King, III, were involved in a motor-vehicle collision when their Nissan Pathfinder was struck from the side by a Ford Focus driven by defendant, Mary Ann Page. Plaintiffs filed this suit alleging negligence and seeking first-party and third-party benefits under the no-fault act. The trial court awarded summary disposition to defendant, Michigan Automobile Insurance Placement Facility (MAIPF), on plaintiffs' first-party claims and to Page on plaintiffs' third-party claim after finding out that plaintiffs were residents of Michigan who lacked no-fault insurance on their Nissan Pathfinder at the time of the collision. We conclude that the trial court correctly resolved plaintiffs' first-party claims against MAIPF and Emanuel King's third-party claim against Page, but the trial court erred in awarding summary disposition to Page on Tiffany King's negligence claim seeking third-party benefits.

-1-

# I. FACTUAL BACKGROUND

On March 7, 2020, Emanuel King was driving a Nissan Pathfinder owned by Tiffany King on Woodward Avenue in Ferndale. Tiffany King was riding along as a passenger in the Pathfinder. Defendant Page, driving her own car, turned left and hit the side of plaintiffs' vehicle. As a result of the collision, both Kings sustained injuries requiring medical treatment, so they both applied to MAIPF for first-party benefits.[1] But MAIPF denied their claims because the applications that they submitted indicated that they were Michigan residents on the date of the collision and their vehicle did not have proper no-fault insurance.

After their applications were denied, the Kings filed this lawsuit against their own insurer, i.e., Travelers Property Casualty Company (Travelers), MAIPF, and Page. Plaintiffs set forth one claim for no-fault benefits against Travelers, one claim for declaratory judgment against Travelers, one claim for no-fault benefits against MAIPF, one claim for declaratory judgment against MAIPF, and one claim for negligence against Page for third-party benefits.[2] In addition, Select Specialists, LLC, Affiliated Diagnostics of Oakland, LLC, and Groesbeck RX, LLC, all intervened as plaintiffs in this case in their capacities as providers of medical services.

Page responded to the action by moving for summary disposition under MCR 2.116(C)(8), asserting that because the Kings were dual residents of Michigan and Georgia, they were required to maintain Michigan no-fault insurance on the vehicle involved in the collision. Page argued that both plaintiffs were barred from bringing suit against her for tort liability under MCL 500.3135(1). Page also asserted that the claim brought by Select Specialists, LLC, was barred because plaintiffs were residents of Michigan at the time of the collision. MAIPF filed a response to Page's motion, agreeing with Page's claim that plaintiffs lived in Michigan at the time of the accident, yet their vehicle was registered and insured in Georgia. As MAIPF put it, plaintiffs were required to register and insure their vehicle in Michigan either because they were Michigan residents or because their vehicle was in Michigan for an aggregate of more than 30 days in the calendar year. Thus, MAIPF requested summary disposition under MCR 2.116(C)(10) on plaintiffs' first-party claims.

Plaintiffs Tiffany and Emanuel King also responded to Page's motion. In their response, plaintiffs acknowledged that their vehicle was registered and insured in Georgia at the time of the collision, but they insisted that their vehicle need not be registered in Michigan because they were residents of Michigan and Georgia. Plaintiffs also noted that Emanuel King did not own the Nissan Pathfinder. The trial court conducted a hearing on September 1, 2021, to consider the summary disposition motions. From the outset of that hearing, the trial court stated that it believed plaintiffs were domiciled in Michigan. The trial court based this determination upon the facts that plaintiffs

---

[1] The term "first-party benefits" is common parlance for "personal protection insurance benefits" under MCL 500.3105(1). *McKelvie v Auto Club Ins Ass'n*, 459 Mich 42, 44 n 1; 586 NW2d 395 (1998). Oddly, "personal protection insurance benefits" are also informally called "PIP benefits" even though that acronym does not fit quite right. *Id.*

[2] "A third-party tort claim is distinct from a claim for first-party benefits because a third-party tort claim involves an adversarial process in which the plaintiff must prove fault in order to recover." *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 718; 822 NW2d 522 (2012).

noted in the police report and on the application for first-party benefits that they lived in Michigan. The trial court also found that both Tiffany and Emanuel King were owners of the vehicle.

On September 8, 2021, the trial court issued a written order memorializing its oral rulings. The order explained that plaintiffs were residents of Michigan and "domiciled in Michigan" at the time of the accident, and both plaintiffs were owners of the Nissan Pathfinder, which did not have the required insurance. Therefore, the trial court granted summary disposition to MAIPF and Page because plaintiffs were not entitled to first-party benefits by operation of MCL 500.3113(b) and plaintiffs were not entitled to a tort claim under MCL 500.3135(1). The trial court also awarded Page summary disposition on the claim brought by intervening plaintiff Select Specialists, LLC. The trial court concluded its order by stating that all claims brought by plaintiffs and intervening plaintiffs against MAIPF and Page were "dismissed with prejudice[.]" Plaintiffs unsuccessfully moved for reconsideration, and this appeal followed.

## II. LEGAL ANALYSIS

On appeal, plaintiffs contend that the trial court erred when it awarded summary disposition under MCR 2.116(C)(8) and (I)(2) to defendants Page and MAIPF, thereby denying plaintiffs both first-party and third-party benefits.[3] "We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Although defendant Page moved for summary disposition under MCR 2.116(C)(8), which permits a trial court to decide "the motion on the pleadings alone[,]" *id.* at 160, Page attached ten exhibits to her motion. Plaintiffs followed suit by attaching a police report to their response, and MAIPF moved for summary disposition under MCR 2.116(C)(10) in addition to asking for relief under MCR 2.116(I)(2). The trial court acted properly in considering the materials submitted by the competing parties, and its decision to review the materials converted Page's initial motion for summary disposition under MCR 2.116(C)(8) into a request for summary disposition under MCR 2.116(C)(10), just as MAIPF had formally demanded. See *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 207; 920 NW2d 148 (2018).

A summary disposition motion under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil*, 504 Mich at 160. A motion under MCR 2.116(C)(10) may only be granted if "there is no genuine issue of material fact." *Id.* " 'A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ.' " *Id.* In the process of granting summary disposition, the trial court necessarily interpreted the no-fault act. We review questions of statutory interpretation, construction, and application de novo. *Home-Owners Ins Co v Perkins*, 328 Mich App 570, 578; 939 NW2d 705 (2019). Questions of law are also reviewed de novo. *White v Taylor Distrib Co, Inc*, 289 Mich App 731, 734; 798 NW2d 354 (2010). We must decide, on de novo review, whether the trial court correctly denied first-party and third-party benefits to plaintiffs prior to trial based upon a proper reading of the no-fault act.

---

[3] The trial court also dismissed the claims brought by the intervening plaintiffs, but no intervening plaintiff has appealed that ruling, so this Court need not address that ruling on appeal.

## A. FIRST-PARTY BENEFITS

Plaintiffs opened their complaint by demanding first-party benefits from their own insurer, Travelers, which had issued a Georgia automobile-insurance policy to plaintiff Tiffany King. But because the Georgia policy did not contemplate first-party benefits under the no-fault act, plaintiffs also made claims against defendant MAIPF for first-party benefits. After plaintiffs' claims against Travelers were dismissed by stipulation on February 10, 2021, MAIPF became the sole remaining focus of the plaintiffs' efforts to obtain first-party benefits. First-party benefits, which an injured person is entitled to receive from his or her own insurer, are defined in the no-fault act to include "reasonable charges incurred for . . . care, recovery, or rehabilitation" as well as "[w]ork loss" and other expenses. See MCL 500.3107(1). But the no-fault act disqualifies from first-party benefits any "person [who] was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect." MCL 500.3113(b). Thus, an "owner or registrant of a motor vehicle" who lacked insurance under the no-fault act at the time of the collision cannot recover first-party benefits. Moreover, although our Legislature "created the MAIPF to provide no-fault insurance to any person who was unable to obtain insurance through ordinary means[,]"[4] *Spectrum Health Hosps v Mich Assigned Claims Plan*, 330 Mich App 21, 33; 944 NW2d 412 (2019), the record contains no evidence that plaintiffs obtained no-fault insurance through MAIPF. Thus, the trial court awarded summary disposition to MAIPF on both plaintiffs' claims for first-party benefits.

Neither plaintiff had no-fault insurance under the Georgia automobile-insurance policy that Travelers issued or under any other policy. Therefore, the disqualification from recovery of first-party benefits prescribed by MCL 500.3113(b) appears obvious. In a baffling argument, however, plaintiffs insist that a genuine issue of material fact exists as to whether they were "domiciled" in Michigan or Georgia at the time of the collision. They cite MCL 500.3163, which prescribes rules for out-of-state insurers such as Travelers to pay first-party benefits, but this appeal only involves MAIPF, not Travelers, as a potential source of first-party benefits. More significantly, the no-fault act, MCL 500.3113(c), prescribes a separate disqualification from first-party benefits for a "person [who] was not a resident of this state, unless the person owned a motor vehicle that was registered and insured in this state." Accordingly, if plaintiffs were residents of Georgia as they now claim, their effort to obtain first-party benefits from MAIPF would still fail because their vehicle was not "registered and insured in this state[,]" as required to avoid disqualification under the no-fault act, MCL 500.3113(c). But if plaintiffs were residents of Michigan, as the trial court concluded, then they were required to register their Pathfinder in Michigan and also obligated to maintain no-fault insurance on the vehicle pursuant to MCL 500.3101(1). *Witt v American Family Mut Ins Co*, 219 Mich App 602, 607; 557 NW2d 163 (1996). Their failure to do so disqualified them from getting first-party benefits by dint of MCL 500.3113(b).

Plaintiffs' only potential path to first-party benefits runs through the disqualification clause in MCL 500.3113(b), which limits disqualification from first-party benefits to Michigan residents

---

[4] As we have noted, "[t]he MAIPF is not a state agency; it is a 'nonprofit organization of insurer members[.]' " *Spectrum Health Hosps v Mich Assigned Claims Plan*, 330 Mich App 21, 33; 944 NW2d 412 (2019).

who can be described as "the owner or registrant of a motor vehicle involved in the accident" that lacks no-fault insurance. The record demonstrates that Tiffany King was both the title owner and the registrant of the Pathfinder, so she is necessarily disqualified from first-party benefits pursuant to MCL 500.3113(b). But Emanuel King was not the title owner or the registrant of the Pathfinder, so he might have a theory that the disqualification prescribed by MCL 500.3113(b) does not apply to him. Unfortunately for him, though, the no-fault act broadly defines an "owner" of a vehicle as a person "having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days." See MCL 500.3101(3)(l)(*i*). That capacious definition includes Emanuel King, who had use of the Pathfinder for more than 30 days. See *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530; 676 NW2d 616 (2004) ("[I]t is not necessary that a person *actually* have used the vehicle for a thirty-day period before a finding may be made that the person is the owner. Rather, the focus must be on the nature of the person's right to use the vehicle.").

The trial court's decision to award MAIPF summary disposition on plaintiffs' claims for first-party benefits not only squares with the terms of the no-fault act, but also makes good sense. After all, plaintiffs never paid for no-fault insurance through their own insurer, i.e., Travelers, or through MAIPF. Moreover, plaintiffs voluntarily dismissed their claims against their insurer, i.e., Travelers, which should have been their principal source for first-party benefits under one of the most fundamental tenets of the no-fault act. *Miclea v Cherokee Ins Co*, 333 Mich App 661, 668; 963 NW2d 665 (2020), quoting *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191, 202-203; 393 NW2d 833 (1986). Accordingly, we affirm the trial court's summary disposition award to MAIPF on plaintiffs' claims for first-party benefits.

## B. THIRD-PARTY BENEFITS

Plaintiffs' complaint concludes with a negligence claim against defendant Page that seeks third-party benefits. Pursuant to the no-fault act, MCL 500.3135(1), a "person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent disfigurement." But the no-fault act, MCL 500.3135(2)(c), states that "[d]amages must not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101(1)" of the no-fault act "at the time the injury occurred."

As the disqualifying language in MCL 500.3135(2)(c) makes clear, the absence of no-fault insurance "at the time the injury occurred" is not, in and of itself, sufficient to preclude a claim for third-party benefits. Disqualification also requires that the party seeking third-party benefits "was operating his or her own vehicle at the time the injury occurred[.]" See MCL 500.3135(2)(c). We have stated the disqualification rule in MCL 500.3135(2)(c) as follows: "individuals injured while operating a motor vehicle that is both owned by them and uninsured in violation of MCL 500.3101 are not entitled to recover damages." *Brickley v McCarver*, 323 Mich App 639, 648; 919 NW2d 412 (2018). In other words, each plaintiff is disqualified from seeking third-party benefits against Page only if each plaintiff was injured while "operating" a motor vehicle that was owned by them and uninsured under the no-fault act. Accepting the trial court's well-supported conclusions that the Pathfinder was owned by both plaintiffs and uninsured under the no-fault act, each plaintiff is still eligible to seek third-party damages from Page if that plaintiff was not operating the Pathfinder "at the time the injury occurred[.]" See MCL 500.3135(2)(c).

The record establishes that Emanuel King was driving the Pathfinder when Page struck the vehicle with her Ford Focus. Thus, Emanuel King is disqualified under MCL 500.3135(2)(c) from seeking damages from Page because he was "operating" the Pathfinder when the injury occurred. In contrast, Tiffany King was merely riding in the Pathfinder at the time of the collision. It would defy common sense to say that she was "operating" the Pathfinder simply by riding in the vehicle. Indeed, our Supreme Court and this Court have consistently treated the concept of "operating" as synonymous with driving a vehicle. E.g., *Cole v Barber*, 353 Mich 427, 431; 91 NW2d 848 (1958) ("a driver shall not operate his vehicle so fast that he cannot bring it to a complete stop"); *Farm Bureau Gen Ins Co of Mich v Riddering*, 172 Mich App 696, 703; 432 NW2d 404 (1988) ("While [defendant] did exercise some control over the vehicle by grabbing the steering wheel, steering is only part of operating a vehicle. Operation [of a motor vehicle] necessarily includes the additional functions of controlling the gas and brake pedals and all other components necessary to make a vehicle run."). The most expansive interpretation of "operating" a vehicle came from our Supreme Court in a criminal case where the Court ruled that a defendant "operated" a vehicle by "grabbing the steering wheel and thereby causing the car to veer off the road[.]" *People v Yamat*, 475 Mich 49, 57; 714 NW2d 335 (2006). But as far as we can tell, no Michigan decision has ever held that merely riding along as a passenger in a car amounts to "operating" a motor vehicle. Therefore, we conclude that Tiffany King was not "operating" a vehicle when she was riding in the Pathfinder at the time her injury occurred, so the disqualification prescribed by MCL 500.3135(2)(c) does not apply to her. Thus, the trial court erred in awarding summary disposition to Page on Tiffany King's negligence claim set forth in Count Five of the complaint. Accordingly, we must reverse the award of summary disposition to Page and remand Tiffany King's negligence claim for consideration on the merits.

Summary disposition for MAIPF on plaintiffs' first-party claims and for Page on Emanuel King's negligence claim is affirmed, summary disposition for Page on Tiffany King's negligence claim is reversed, and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Kathleen Jansen
/s/ Deborah A. Servitto