McKELVIE v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 110215. Decided December 1, 1998. On application by the
defendant for leave to appeal, the Supreme Court, in lieu of grant-
ing leave, reversed the judgment of the Court of Appeals and rein-
stated the order of the circuit court. Rehearing denied *post*, 1234.

Frank G. McKelvie brought an action in the Macomb Circuit Court
against Auto Club Insurance Association, seeking no-fault benefits
for injuries sustained in an automobile accident. The court,
Kenneth N. Sanborn, J., entered judgment on a jury verdict for the
plaintiff. Although the jury had found that certain disputed
expenses were not allowable, pursuant to MCL 500.3148(1); MSA
24.13148(1), the trial court awarded attorney fees. The defendant
appealed the award of attorney fees. The Court of Appeals,
BRENNAN, P.J., and REILLY and R. J. DANHOF, JJ., affirmed in an opin-
ion per curiam, upholding the award (Docket No. 136378). Thereaf-
ter, the plaintiff moved for appellate attorney fees in the circuit
court. The court, George E. Montgomery, J., denied the motion.
The Court of Appeals, HOEKSTRA, P.J., and T. P. PICKARD, J. (SAWYER,
J., dissenting), reversed and remanded, concluding that ACIA's unrea-
sonable refusal to pay benefits subjected it to liability for all attor-
ney fees incurred as a result of the initial refusal. 223 Mich App
446 (1997) (Docket No. 185572). The defendant seeks leave to
appeal.

In an opinion per curiam, signed by Chief Justice MALLETT, and
Justices BRICKLEY, CAVANAGH, BOYLE, WEAVER, and TAYLOR, the
Supreme Court *held*:

By its terms, MCL 500.3148(1); MSA 24.13148(1) authorizes an
award of attorney fees only in connection with representation con-
cerning personal or property protection insurance benefits that are
overdue. Any further representation regarding other issues is
outside the scope of the statutory authorization of attorney fees.

The defendant paid no-fault benefits before taking the initial
appeal and did not raise on appeal any issue related to its liability
for those benefits. Thus, the first appeal by ACIA did not concern
the disputed benefits, and the accompanying expense of appellate
counsel was not incurred for the purpose of obtaining those
benefits.

Reversed.

Justice KELLY, dissenting, stated that the Legislature, in enacting MCL 500.3148(1); MSA 24.13148(1), sought to force insurers to promptly pay their insureds by permitting an award of attorney fees to insureds obliged to sue to recover PIP benefits to which they were entitled. The statutory penalty does not limit the award of attorney fees only to those incurred in trial proceedings; appellate attorney fees are recoverable when a trial court has determined that an insurance company unreasonably withheld PIP benefits.

The majority's holding effectively permits the defendant insurer to circumvent the Legislature's intent. The majority appears not to consider that the plaintiff never would have been in the appellate court had not the insurance company unreasonably withheld benefits in the first place. The insurer wrongfully refused to pay PIP benefits, and it appealed only from the award of trial attorney fees. The result is that the plaintiff received his PIP benefits only after long delay and litigation, and he incurred appellate attorney fees in the process. The statute's penalty has been blunted, if not defeated altogether, from the point of view of the party it sought to protect.

*Law Offices of Alan H. Broad, P.C.* (by *Alan H. Broad*), for plaintiff-appellee.

*Scarfone & Geen, P.C.* (by *John B. Geen*), and *John A. Lydick*, of counsel, for defendant-appellant.

PER CURIAM. This is a no-fault insurance case. In an earlier appeal, the Court of Appeals upheld an award of attorney fees, concluding that the defendant insurer had unreasonably refused to make certain payments. In a second appeal, the Court of Appeals has ruled that the defendant also must pay appellate attorney fees. We reverse the second judgment of the Court of Appeals and reinstate the order of the circuit court.

I

Plaintiff Frank G. McKelvie was rendered quadriplegic by a January 5, 1985 motor vehicle accident.

We are told that his vehicle was struck broadside by a car that ran a stop sign, and that he was hospitalized for six months.

Defendant Auto Club Insurance Association was Mr. McKelvie's no-fault insurer. It thus was responsible for the payment of personal protection insurance benefits[1] to cover the costs of Mr. McKelvie's care.[2]

ACIA paid the cost of Mr. McKelvie's hospitalization, along with many other expenses related to his care. It also paid for twenty-four-hour nursing care. However, Mr. McKelvie and ACIA did not agree with regard to several expenses for which Mr. McKelvie sought recovery. The dispute widened when ACIA reduced to eight hours a day the level of nursing care for which it would pay.

Mr. McKelvie sued ACIA, and the case was tried before a circuit court jury in 1989.[3]

The trial resulted in a verdict that awarded Mr. McKelvie approximately $150,000, as well as declaratory relief. It was not a complete victory, though, because the jury determined that some of the disputed expenses were not allowable.

The no-fault statute provides that an insurer is responsible for the insured's attorney fees if the insurer has unreasonably refused to pay a claim:

An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or

---

[1] These are also known as "first party" or "PIP" benefits. (Personal protection insurance benefits are abbreviated PIP by convention, with the abbreviation PPI being used for property protection insurance benefits.)

[2] MCL 500.3114, 500.3105, 500.3107; MSA 24.13114, 24.13105, 24.13107.

[3] The trial court proceedings were significantly more complex than this account would suggest, but most of the details are not pertinent to our discussion.

property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. [MCL 500.3148(1); MSA 24.13148(1).]

The circuit court ruled that ACIA's refusal to pay "the vast majority" of the disputed expenses was unreasonable. However, the court also found that the bill submitted by Mr. McKelvie's counsel was unreasonable. The court reduced counsel's original request for slightly less than $130,000 to an award of approximately $84,000.[4]

ACIA paid Mr. McKelvie the personal protection insurance benefits required by the jury's verdict, and appealed the award of attorney fees. Mr. McKelvie cross-appealed with regard to an issue concerning the calculation of interest. In both respects, the Court of Appeals affirmed. 203 Mich App 331; 512 NW2d 74 (1994).[5]

In its opinion, the Court of Appeals characterized as "close" the question whether ACIA's refusal to pay certain disputed benefits was unreasonable. However, it found that the circuit court did not clearly err in finding the refusal to have been unreasonable. 203 Mich App 337.

After the Court of Appeals denied rehearing and this Court denied leave to appeal,[6] ACIA paid Mr. McKelvie the attorney fees that were related to the

---

[4] The circuit court later denied ACIA's motion for attorney fees that it had incurred as it defended the unsuccessful portions of Mr. McKelvie's claim. MCL 500.3148(2); MSA 24.13148(2).

[5] Reh den March 31, 1994 (Docket No. 136378).

[6] 447 Mich 1000 (1994).

circuit court proceedings, with interest. However, the parties disagreed with regard to whether ACIA bore the further obligation of paying Mr. McKelvie's attorney fees for the appeal.

Mr. McKelvie filed a motion for appellate fees, and the circuit court agreed that MCL 500.3148(1); MSA 24.13148(1) authorizes the payment of appellate fees in an appropriate case. See, e.g., *Bloemsma v Auto Club Ins Ass'n (After Remand)*, 190 Mich App 686; 476 NW2d 487 (1991). However, the circuit court denied appellate attorney fees in this particular case, noting that the Court of Appeals had said that it was a "close" question whether ACIA's refusal had been entirely unreasonable:

> Considering that a delay in payment by an insurer is not unreasonable where the delay is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty, *Gobler v Auto-Owners Insurance Co*, 428 Mich 51, 66; 404 NW2d 199 (1987), the Court is also not convinced a no-fault insurer should be additionally penalized when it undertakes an appeal of a close question determined by the trial court.

Mr. McKelvie appealed the denial of appellate attorney fees, and the Court of Appeals reversed in a two-to-one opinion. 223 Mich App 446; 566 NW2d 658 (1997).[7] The majority concluded that ACIA's unreasonable refusal to pay benefits subjected it to liability for all the attorney fees that were incurred in consequence of the initial refusal:

> Sanctions are to be imposed whenever a trial court finds that an unreasonable delay or unreasonable refusal to pay

---

[7] Reh den July 16, 1997 (Docket No. 185572).

occurred, as the court found in this case. Here, defendant's unreasonable refusal to pay benefits forced plaintiff to file a complaint and be involved in litigating a suit, which included appeals. Had defendant paid the benefits, as it should have, plaintiff would not have had to instigate the instant litigation. Thus, defendant's initial unreasonable denial of benefits subjects it, pursuant to the statute and consistent with *Bloemsma, supra,* to pay reasonable attorney fees for all litigation arising as a consequence of the initial unreasonable denial.

The dissent states that the appeal was not "an action for personal or property protection insurance benefits which are overdue" because the benefits were paid before the appeal and the appeal dealt only with whether attorney fees for the underlying case were properly awarded pursuant to § 3148(1). We believe that the timing of the payment of benefits, i.e., before the appeal, is immaterial to deciding this issue. The fact that the benefits were paid following a judgment but before appeal does not change the fact that defendant's initial unreasonable denial forced plaintiff to file the suit to collect the benefits from which the appeals stemmed. [223 Mich App 449-450.]

The Court of Appeals directed that the case be remanded for further proceedings.[8]

---

[8]  Because the trial court found that the fees were not warranted in light of the "closeness" of the question appealed and the fact that defendant paid the disputed benefits before appeal, the trial court did not make findings of fact regarding defendant's other arguments against the imposition of fees or the reasonableness of plaintiff's claimed fees. Although the trial court previously conducted an evidentiary hearing, we believe that it is necessary to remand the matter for an additional evidentiary hearing so that the trial court can revisit the issue of appellate attorney fees. The parties may introduce additional evidence to aid the trial court in fashioning a reasonable award of attorney fees if defendant's remaining challenges to the award of fees are found to be without merit. [223 Mich App 451.]

Writing in dissent, Judge SAWYER interpreted the statute more narrowly, and said that he would affirm. 223 Mich App 451-453.

ACIA has applied to this Court for leave to appeal the decision of the Court of Appeals.

II

We adopt the dissenting opinion of Judge SAWYER. As he observed, "in the case at bar, defendant had paid the no-fault benefits before taking the initial appeal and did not raise on appeal any issue related to its liability for those benefits." 223 Mich App 452. Thus, the first appeal by ACIA did not concern the disputed benefits, and the accompanying expense of appellate counsel was not incurred for the purpose of obtaining those benefits:

> Section 3148(1), by its terms, authorizes an award of attorney fees only in conjunction with representation concerning personal or property protection insurance benefits that are overdue. Once such benefits have been paid, they can no longer be overdue. Therefore, any further representation regarding other issues is outside the scope of the statutory authorization for an attorney fee award, whether at the trial level or on appeal.
>
> That is precisely what has happened in the case at bar. Defendant paid the benefits following the adverse decision in the trial court. Furthermore, defendant did not challenge on appeal plaintiff's entitlement to those benefits. Thus, any money expended by plaintiff in the original appeal was not for the purpose of securing payment of those benefits or avoiding recoupment by defendant of benefits already paid. Therefore, the original appeal was not "an action for personal or property protection insurance benefits which are overdue" under § 3148(1). Rather, it was an action related to the payment of attorney fees. Accordingly, § 3148(1), and

by extension, *Bloemsma,* is inapplicable. [223 Mich App 452-453.]

We believe that such an approach advances the purpose of the statute. The intent of the Legislature was that insured persons promptly receive the benefits required by law. Such persons would not be aided by an interpretation that rendered irrelevant ACIA's decision to pay the disputed benefits before undertaking an appeal of the $84,000 attorney-fee award.

For these reasons,[9] we reverse the judgment of the Court of Appeals, and reinstate the circuit court order denying the insured's motion for appellate attorney fees. MCR 7.302(F)(1).

MALLETT, C.J., and BRICKLEY, CAVANAGH, BOYLE, WEAVER, and TAYLOR, JJ., concurred.

KELLY, J. (*dissenting*). The majority's holding effectively permits defendant to circumvent the Legislature's intent in enacting MCL 500.3148(1); MSA 24.13148(1). That intent was to discourage insurance companies, so disposed, from unreasonably withholding personal protection insurance (PIP) benefits from their insureds until ordered to pay them by a court. The discouragement was in the form of an award of attorney fees to insureds obliged to sue to recover PIP benefits to which they were entitled. The penalty provision sought to force insurers to promptly pay their insureds. *Beach v State Farm Mut Automobile Ins Co,* 216 Mich App 612, 629; 550 NW2d 580 (1996).

The statutory penalty does not limit the award of attorney fees to those incurred in trial proceedings

---

[9] In light of this disposition, we find it unnecessary to address the other issues raised on appeal by ACIA.

only. Defendant squarely raised the question in *Bloemsma v Auto Club Ins Ass'n (After Remand)*, 190 Mich App 686; 476 NW2d 487 (1991). The Court of Appeals ruled that appellate attorney fees are recoverable when the trial court has determined that an insurance company unreasonably withheld PIP benefits. It stated:

> This Court has held that a statutory provision for attorney fees applies to appellate proceedings when the statute does not place any restrictions on the recovery of attorney fees and does not limit attorney fees to services rendered at the trial court level. *Smolen* [*v Dahlmann Apartments, Ltd*, 186 Mich App 292, 296; 463 NW2d 261 (1990)] (provision for attorney fees under the Michigan Consumer Protection Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.*, applies to appellate proceedings). Although the provision for attorney fees at issue here, MCL 500.3148(1); MSA 24.13148(1), restricts an award of attorney fees to cases in which the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment, no other restrictions are imposed, and the award of attorney fees is not limited to services rendered at the trial court level. [*Id.* at 690-691.]

In this case, the majority adopts the Court of Appeals dissent. 223 Mich App 446, 451-453; 566 NW2d 658 (1997). It concludes that plaintiff cannot recover appellate attorney fees because the insurer paid the disputed PIP benefits before it appealed. Its appeal was solely from the award of trial attorney fees. Consequently, the Court reasons, MCL 500.3148(1); MSA 24.13148(1) does not apply.

The majority appears not to consider that plaintiff would never have been in the appellate court had not the insurance company unreasonably withheld benefits in the first place.

I believe the Court of Appeals dissent is misleading when it asserts that "any money expended by plaintiff in the original appeal was not for the purpose of securing payment of those benefits or avoiding recoupment by defendant of benefits already paid." *Id.* at 453. Indeed, plaintiff had to either fight the appeal or risk recoupment by defendant of his trial attorney fees that defendant had already paid.

Initially, he won on appeal but, because of today's opinion, he must pay his appellate attorney fees from his award of trial attorney fees or from his PIP benefits. By this circumvention, defendant has succeeded in thwarting the intent of the Legislature.

It was approximately a decade ago that a trial court found that this defendant wrongfully refused to pay PIP benefits to its insured Thomas Bloemsma. It was required to pay the benefits plus Mr. Bloemsma's trial attorney fees. It appealed and, pursuant to MCL 500.3148(1); MSA 24.13148(1), was ordered to pay Mr. Bloemsma's appellate attorney fees, as well. *Bloemsma, supra.*

In the instant case, involving Mr. McKelvie, defendant again wrongfully refused to pay PIP benefits. Here, it appealed only from the award of trial attorney fees. Again it lost on appeal. But this time, under the same statute and although the award of trial attorney fees was sustained on appeal, defendant has succeeded in not paying plaintiff's appellate attorney fees.

The result is that Mr. McKelvie received his PIP benefits only after long delay and litigation, and he incurred appellate attorney fees in the process. The statute's penalty has been blunted, if not defeated altogether, from the point of view of the party it sought to protect.

The Legislature can prevent recurrences by revisiting MCL 500.3148(1); MSA 24.13148(1) and adding language to ensure, as the Court refuses to do, that its intent is followed in the future.

I would affirm the ruling of the Court of Appeals.