683 N.W.2d 695 (2004)
261 Mich.App. 732
Loretta M. FRIERSON, Plaintiff-Appellee,
v.
WEST AMERICAN INSURANCE COMPANY, a/k/a Ohio Casualty Insurance Company, Defendant/Cross-Defendant-Appellant, and
Farm Bureau Mutual Insurance Company, Defendant/Cross-Plaintiff-Appellee, and
Department of State, d/b/a Assigned Claims Facility, and Progressive Michigan Insurance Company, Defendants.
Docket No. 244664.
Court of Appeals of Michigan.
Submitted April 6, 2004, at Detroit.
Decided May 4, 2004, at 9:30 a.m.
Released for Publication July 7, 2004.
*696 Garan Lucow Miller, PC (by Edward M. Freeland and Sarah E. Robertson), Detroit, for Farm Bureau Mutual Insurance Company.
Secrest, Wardle, Lynch, Hampton, Truex and Morley (by Michael L. Updike), Farmington Hills, for West American Insurance Company.
Before: WILDER, P.J. and HOEKSTRA and KIRSTEN FRANK KELLY, JJ.
PER CURIAM.
In this first-party automobile negligence case, West American Insurance Company and Farm Bureau Mutual Insurance Company dispute liability for plaintiff's personal protection insurance[1] benefits under the no-fault insurance act, MCL 500.3101 et seq. The trial court determined that plaintiff's motor vehicle insurer, West American, was first in priority and granted summary disposition in favor of Farm Bureau, which had been assigned plaintiff's claim *697 by the Michigan Assigned Claims Facility (MACF). West American now appeals as of right. We affirm.

I. Basic Facts
Plaintiff testified at her deposition that while she was a passenger on a motorcycle, a motor vehicle seemed to be coming toward the motorcycle head on. The motorcycle operator testified that the vehicle was making a left hand turn and "crossed the center line and took almost all my lane, all but approximately maybe two to four feet." In order to avoid a collision with the motor vehicle, the operator swerved or slammed on his brakes, causing himself and plaintiff to hit the ground. The police were unable to locate the motor vehicle and there is no information regarding the vehicle, its driver, or its insurance.

II. Analysis

A. Standard of Review
We review de novo a trial court's decision on a motion for summary disposition. Maiden v. Rozwood, 461 Mich. 109, 118, 597 N.W.2d 817 (1999). When evaluating a motion under MCR 2.116(C)(10), the trial court considers the pleadings, affidavits, depositions, and other documentary evidence in a light most favorable to the nonmoving party, and determines whether the moving party was entitled to judgment as a matter of law. Id. at 120, 597 N.W.2d 817. Interpretation of the no-fault act is also a question of law that we review de novo.
The primary goal when construing a statute is to ascertain and give effect to the intent of the Legislature. When determining the Legislature's intent, this Court must first look to the statute's specific language. Judicial construction is unnecessary if the meaning of the language is clear. However, judicial construction is appropriate when reasonable minds can differ regarding the statute's meaning. Terms contained in the no-fault act are read "`in the light of its legislative history and in the context of the no-fault act as a whole.'" Further, courts should not abandon common sense when construing a statute. Given the remedial nature of the no-fault act, courts must liberally construe its provisions in favor of the persons who are its intended beneficiaries. [Farmers Ins. Exch. v. AAA of Michigan, 256 Mich.App. 691, 695, 671 N.W.2d 89 (2003), quoting Proudfoot v. State Farm Mut. Ins. Co., 254 Mich.App. 702, 708-709, 658 N.W.2d 838, aff'd in part and rev'd in part on other grounds 469 Mich. 476, 673 N.W.2d 739 (2003).]

B. Priority Under No-Fault Act
West American argues that under MCL 500.3172, plaintiff should obtain benefits through the MACF because her injuries arose while she was a motorcycle passenger in an accident involving another vehicle and, accordingly, MCL 500.3114(1) does not apply at all, rather, MCL 500.3114(5) alone determines liability for personal protection benefits. We disagree.
The general rule for payment of personal protection insurance benefits is set forth in MCL 500.3114(1), which provides:
Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. A personal injury insurance policy described in section 3103(2) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. When personal protection insurance benefits or personal injury benefits described in section *698 3103(2) are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and is not entitled to recoupment from the other insurer.
Pursuant to this subsection of the no-fault act, "the general rule is that one looks to a person's own insurer for no-fault benefits unless one of the statutory exceptions, subsections 2, 3, and 5, applies." Parks v. DAIIE, 426 Mich. 191, 202-203, 393 N.W.2d 833 (1986). Although MCL 500.3114(1) lists several exceptions to this general rule, defendant only relies on the exception in MCL 500.3114(5) which provides:
A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:
(a) The insurer of the owner or registrant of the motor vehicle involved in the accident.
(b) The insurer of the operator of the motor vehicle involved in the accident.
(c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.
(d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.
The first paragraph of this subsection describes the factual situation in this case. Our Supreme Court has established parameters for determining whether a motor vehicle is involved in an accident for purposes of the no-fault act. In Turner v. Auto Club Ins. Ass'n, 448 Mich. 22, 39, 528 N.W.2d 681 (1995), the Court held:
[F]or a vehicle to be considered "involved in the accident" under § 3125, the motor vehicle, being operated or used as a motor vehicle, must actively, as opposed to passively, contribute to the accident. Showing a mere "but for" connection between the operation or use of the motor vehicle and the damage is not enough to establish that the vehicle is "involved in the accident." Moreover, physical contact is not required to establish that the vehicle was "involved in the accident," nor is fault a relevant consideration in the determination whether a vehicle is "involved in an accident."
Later, this Court applied those same parameters with respect to MCL 500.3114(5). Auto Club Ins. Ass'n v. State Automobile Mut. Ins. Co., 258 Mich.App. 328, 336 n. 5, 671 N.W.2d 132 (2003). We apply those parameters here. The deposition testimony established that the motor vehicle contributed to the accident by turning left into the lane occupied by the motorcycle, causing the motorcycle operator to brake to avoid hitting the motor vehicle. Therefore, the motor vehicle was involved in the accident.
But the parties agree that the insurers listed in subsections a to d of MCL 500.3114(5) either do not exist or cannot be identified in this case because the police were unable to locate the motor vehicle and there is no information regarding that vehicle, its driver, or the driver's insurance carrier. The determinative issue then, given that no insurer can be identified under subsections a to d of MCL 500.3114(5), is whether the plaintiff's own insurer or the MACF-assigned insurer is liable for plaintiff's personal protection insurance benefits.
For guidance on this issue, we turn to Parks, supra, in which our Supreme Court addressed a priority dispute between an employee's insurer, the employer's insurer, *699 and the MACF. Id. at 195, 393 N.W.2d 833. In Parks, the plaintiff was injured in Michigan while working inside a trailer owned by his employer, a Delaware corporation. Id. at 196, 393 N.W.2d 833. The trailer, a motor vehicle, was not required to be registered in Michigan pursuant to MCL 500.3101(1) and was not subject to the act's security provisions in MCL 500.3102(1). Id. at 196-197, 393 N.W.2d 833. Our Supreme Court held that because the employer's vehicle was not required to be registered and was not subject to the security requirements of the no-fault act, the employee's insurer was liable for the personal protection insurance benefits. Id. at 207, 393 N.W.2d 833. The Court based its ruling on its previous determination of the legislative purpose for the no-fault act:
[T]he Legislature, in its broader purpose, intended to provide benefits whenever, as a general proposition, an insured is injured in a motor vehicle accident, whether or not a registered or covered motor vehicle is involved; and in its narrower purpose intended that an injured person's personal insurer stand primarily liable for such benefits whether or not its policy covers the motor vehicle involved and even if the involved vehicle is covered by a policy issued by another no-fault insurer. [Id. at 204, 393 N.W.2d 833, quoting Lee v. DAIIE, 412 Mich. 505, 515, 315 N.W.2d 413 (1982) (emphasis in original).]
Parks is similar to this case in that, other than the employee's insurer and the MACF, there was no other identifiable no-fault insurer because the employer's vehicle was not subject to the no-fault act. If the employer's vehicle had been subject to the no-vault act, it would have been liable under one of the exceptions listed in MCL 500.3114(1). Here, we have an unidentified insurer who, if identified, would be liable under one of the exceptions in MCL 500.3114(1), namely MCL 500.3114(5). But, because that insurer is unidentified, the priority dispute remains between plaintiff's insurer and the MACF insurer.
On the basis of our Supreme Court's determination in Parks, supra, of the legislative purpose underlying the no-fault act, we conclude that when an insurer that would be liable under one of the exceptions in MCL 500.3114(1) cannot be identified, the general rule applies and the injured party must look to her own insurer for personal protection insurance benefits. Accordingly, the trial court correctly determined that West American is liable for plaintiff's personal protection insurance benefits and the court did not err in granting Farm Bureau's motion for summary disposition.
Affirmed.
NOTES
[1] The statutory phrase is "personal protection insurance benefits," also known as "first-party" or "PIP" benefits. McKelvie v. Auto Club Ins. Ass'n, 459 Mich. 42, 44 n. 1, 586 N.W.2d 395 (1998).