*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNIVERSITY NEUROSURGICAL ASSOCIATES, PC, d/b/a MICHIGAN HEAD & SPINE INSTITUTE,

UNPUBLISHED
March 14, 2024

Plaintiff-Appellant,

v

No. 366131
Oakland Circuit Court
LC No. 2022-194946-NF

MICHIGAN ASSIGNED CLAIMS PLAN and MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY,

Defendants-Appellees.

Before: GARRETT, P.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's opinion and order granting summary disposition in favor of defendants, Michigan Assigned Claims Plan (MACP) and Michigan Automobile Insurance Placement Facility (MAIPF), and precluding its recovery of benefits under the no-fault act, MCL 500.3101 *et seq*.[1] We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

In July 2022, plaintiff filed a complaint alleging that it provides medical, therapeutic, and rehabilitative services from its business location in Southfield, Michigan. Plaintiff also asserted that defendants are administrators charged with assigning an insurance carrier to provide no-fault benefits to a claimant "if no personal protection insurance [PIP] applicable to the injury can be

---

[1] Plaintiff does not dispute that the trial court's ruling pertained to both defendants and correctly closed the case. Accordingly, we do not address defendants newly-raised appellate claim regarding the propriety of naming MACP.

identified."[2] Plaintiff claimed that Justin Thorne was injured in an automobile accident on July 17, 2021. As a medical provider, plaintiff provided reasonably necessary medical services to Thorne. Despite reasonable proof of loss by plaintiff, defendants allegedly failed to pay no-fault benefits owed to plaintiff. Consequently, plaintiff sought reimbursement for the no-fault benefits as well as applicable no-fault penalties.

More specifically, plaintiff alleged that, as a health care provider, it was entitled to pursue a direct cause of action against an insurer and recover overdue benefits for products, services, or accommodations to an injured person such as Thorne, citing MCL 500.3112. It was submitted that these medical services totaling $71,582 were rendered to Thorne between July 18 and December 8, 2021. Despite plaintiff's submission of proof of its services, it was claimed that defendants unreasonably failed to make the required payment. The sole count raised was entitled "No Fault Claims." Plaintiff requested a court order that: defendants designate an insurance company or "assignee" to process the claim arising from Thorne's injuries and services; a judgment declaring defendants liable to pay no-fault benefits; and a judgment for the services provided as well as costs, penalty interest, and attorney fees. With the complaint, plaintiff submitted health insurance claim forms prepared by plaintiff for services rendered to Thorne and submitted to defendants.

Defendants moved for summary disposition under MCR 2.116(C)(10). It was noted that plaintiff filed the action seeking PIP benefits for medical services purportedly provided to Thorne arising from injuries sustained in a motor vehicle accident on July 17, 2021. Thorne claimed that he was driving a 2005 Grand Prix, insured by USAA, when he lost control because of a wet roadway, causing the vehicle to strike two mailboxes and a tree. The Grand Prix was allegedly registered to Kayla Hart, Thorne's girlfriend and the woman with whom he resided. Thorne testified that he leased a Ford F-150 that was also insured through USAA. Defendants claimed that a certificate of insurance was obtained that proved Thorne was insured by USAA through a policy that was in effect at the time of the accident. Under MCL 500.3172, a person may recover PIP benefits through the MACP only if PIP benefits could not be identified. In the present case, there was no genuine issue of material fact that an applicable policy of insurance was identified, and therefore, defendants should be dismissed with prejudice.

In the accompanying brief, it was noted that Michigan caselaw determined that, where no insurance policy applicable to the injury could be identified, a party would be entitled to benefits through the MACP, MCL 500.3172. Alternatively, the MACP may be called upon to address benefits where there is inadequate coverage from the insurers. *Id*. Defendants asserted that the circumstances delineated in MCL 500.3172 were not present because, during his deposition, Thorne acknowledged that he resided with his girlfriend, Hart, and she registered a 2005 Grand Prix that was insured by USAA. Thorne also leased a Ford F-150 that was insured through USAA. Accordingly, Thorne was insured under a policy of insurance at the time of the accident. It governed the period of July 11, 2021 to January 11, 2022, and the accident occurred on July 17, 2021. Defendants claimed that plaintiff failed to present evidence that USAA was financially

---

[2] Personal protection insurance benefits are also known as "first party" or "PIP" benefits. The abbreviation PPI is generally used for property protection insurance benefits. See *McKelvie v Auto Club Ins Ass'n*, 459 Mich 42, 44 n 1; 586 NW2d 395 (1998).

unable to fulfill its obligation. Because Thorne had identifiable insurance coverage through USAA, plaintiff could not maintain a claim against defendants.

Plaintiff filed a response in opposition to the dispositive motion. Plaintiff alleged that after Thorne crashed the Grand Prix into mailboxes and a tree, he was treated at plaintiff's facility for a fracture that required a cervical diskectomy and fusion surgery. When no PIP policy applicable to the injury could be identified, plaintiff submitted an application for benefits to defendants. Yet, there was no assignment of the claim to a servicing insurer, and there was no reimbursement of the claims. Although it was undisputed that Thorne sustained injuries while driving the Grand Prix registered and insured by Hart, plaintiff claimed that defendants failed to prove that Thorne was covered by a USAA policy. Under MCL 500.3114, there was no avenue for PIP benefits "to non-relatives for individuals who [we]re not 'named in the policy.' " A listed driver on a policy did not equate with the individual being a named insured. In the present case, defendants only produced a declarations page of a USAA policy naming Hart as the insured. Thorne was merely listed as an "operator" on the insurance policy. Because defendants failed to produce a policy naming Thorne as an insured, priority was established that Thorne receive benefits from defendants under MCL 500.3172(1). Additionally, defendants failed to properly provide documentary evidence to support summary disposition in their favor. In particular, the declarations renewal page presented was not "conclusive evidence" that this policy constituted identifiable no-fault insurance. Therefore, defendants' motion had to be denied.

In reply, defendants noted that, although plaintiff claimed that defendants failed to produce evidence of insurance, Thorne testified in his deposition that he had a policy of insurance with USAA for his 2020 Ford F-150. Additionally, USAA issued a certificate of insurance that identified both Hart and Thorne. Defendants submitted that plaintiff did not dispute the evidence, but merely ignored it. This ignorance failed to create a genuine issue of material fact. After Thorne disclosed in his deposition that he drove a 2020 Ford F-150 that was subject to a no-fault insurance policy issued by USAA, a copy of the policy was provided by USAA to defendants. Although plaintiff claimed that the policy did not apply to Thorne because he was listed as an "operator" and not an insured, the listing on the declarations page was not dispositive. And, the certificate of insurance identified Thorne as an individual covered by the policy. Plaintiff's position would render the certificate of insurance a worthless document. Because identifiable insurance applicable to the injury can and was identified, plaintiff was ineligible to obtain benefits on behalf of Thorne through defendants. Consequently, summary disposition was appropriate in favor of defendants.

On April 28, 2023, the trial court waived oral argument on the dispositive motion and issued an opinion and order granting the summary disposition motion. It ruled:

> This is a no-fault provider case which arises from medical treatment Plaintiff provided to non-party Justin Thorne in relation to a motor vehicle accident which occurred on July 17, 2021. At the time of the accident, Thorne was operating a 2005 Pontiac Grand Prix, insured by non-party USAA, when he lost control on a wet roadway, hit two mailboxes and ultimately, a tree.
>
> The 2005 Pontiac Grand Prix was registered to Kayla Hart. Ms. Hart is Thorne's girlfriend, and they live together. Thorne testified that at the time of the motor vehicle accident, he was leasing a Ford F-150 which was also insured

through USAA.  Pursuant to MCL 500.3172(1), a person may only obtain personal protection insurance benefits through the MAIPF if no personal protection insurance applicable to the injury can be identified.  The MAIPF argues that there is no genuine issue of material fact that Thorne was insured through this USAA policy.  In support of its argument, the MAIPF attached a renewal declarations page which lists Thorne as an "operator" on the USAA policy, covering the 2005 Pontiac Grand Prix and the 2020 Ford F-150.  The MAIPF also attached a certificate of insurance which lists Mr. Thorne on the policy.  The certificate of insurance states an effective date of July 11, 2021, and an expiration date of January 11, 2022.

Plaintiff did not name USAA as a co-defendant.  Plaintiff's Response argues that the USAA renewal declarations page is not "conclusive evidence" that the policy is "identifiable no-fault insurance."  Again, MCL 500.3172(1) provides:

(1) A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may claim personal protection insurance benefits through the assigned claims plan if any of the following apply:

(a) No personal protection insurance is applicable to the injury.

(b) No personal protection insurance applicable to the injury can be identified.

(c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss.

The Court finds that there is "identifiable insurance" through USAA.  Plaintiff would not become entitled to file a claim against the MAIPF for benefits unless it could show that there was no other applicable policy of insurance.  The Court grants Defendant's [sic] Motion, but dismisses Defendant[s] without prejudice.

This is a final order and closes the case.

From this ruling, plaintiff appeals.

## II.  APPLICABLE LAW

A trial court's decision on a motion for summary disposition is reviewed de novo.  *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 448; 980 NW2d 119 (2021).  A motion for summary disposition premised on MCR 2.116(C)(10) tests the factual sufficiency of the complaint.  *Id*. at 449.  The moving party must identify and support the issues to which the moving party believes there is no genuine issue of material fact, and the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted with the motion must be examined.  *Id*.  Once the moving party makes and supports its motion, the opposing party may not

rest on mere allegations or denials in the pleadings, but must submit documentary evidence setting forth specific facts to demonstrate a genuine issue for trial.[3] *Id.*

In *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 495-496; 948 NW2d 452 (2019), this Court delineated the following rules of statutory construction:

> Issues involving statutory interpretation present questions of law that are reviewed de novo. "The primary goal of statutory interpretation is to give effect to the intent of the Legislature." The most reliable evidence of legislative intent is the plain language of the statute. If the language of the statute is clear and unambiguous, it is presumed that the Legislature intended the meaning plainly expressed in the statute. The court's interpretation of a statute must give effect to every word, phrase, and clause. Further, an interpretation that would render any part of the statute surplusage or nugatory must be avoided. Common words and phrases are given their plain meaning as determined by the context in which the words are used, and a dictionary may be consulted to ascertain the meaning of an undefined word or phrase. "In construing a legislative enactment we are not at liberty to choose a construction that implements any rational purposes but, rather, must choose the construction that implements the legislature purpose perceived from the language and the context in which it is used." [Citations omitted.]

The terms of insurance coverage are controlled by the contract's language, not by statute. *Dawson v Farm Bureau Mut Ins Co*, 293 Mich App 563, 568; 810 NW2d 106 (2011). An unambiguous contract is construed as written with the words used given their plain and ordinary meaning. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377-378; 836 NW2d 257 (2013).

## III. ANALYSIS

Plaintiff contends that the trial court erred in granting defendants' motion for summary disposition because Thorne did not qualify as a named insured in the USAA policy and defendants

---

[3] The trial court issued its opinion and order on April 28, 2023. As an appendix to appellant's brief, plaintiff submitted an affidavit dated August 4, 2023 prepared by Linda Wasche. In the circuit court, a motion is decided premised on the evidence submitted at that time. *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 724; 909 NW2d 890 (2017). On appeal, this Court's review is limited to the trial court record, and a party may not expand the record on appeal. *Id.* at 724-725. There is no indication that plaintiff moved to expand the record on appeal to permit consideration of this affidavit. See MCR 7.216(A)(4) ("The Court of Appeals may, at any time, in addition to its general powers, in its discretion, and on the terms it deems just: (4) permit amendments, corrections, or additions to the transcript or record."). Accordingly, we do not consider this affidavit. And, we do not address plaintiff's argument that there was no identifiable insurance at the time the complaint was filed, an issue not raised in the trial court. See *Sunshine v Delta College Bd of Trustees*, 343 Mich App 597, 601; 997 NW2d 755 (2022) ("An issue is preserved if it is raised in the trial court.").

failed to demonstrate entitlement to summary disposition with admissible documentary evidence. We disagree.

In order to obtain PIP benefits, the owner or registrant of a Michigan vehicle must maintain security for payment of benefits. MCL 500.3103(1). And, all automobile insurance policies offered in Michigan must include PIP benefits, property protection insurance, and residual liability insurance. MCL 500.3101(2). An individual is not entitled to recover PIP benefits if the person was the owner or registrant of a motor vehicle involved in an accident and the security required by MCL 500.3103 was not in effect. MCL 500.3113(b).

MCL 500.3114 addresses persons entitled to PIP benefits, order of priority for occupants, and priority. In pertinent part, it states:

> (1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. A personal injury insurance policy described in section 3103(2) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. If personal protection insurance benefits or personal injury benefits described in section 3103(2) are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits up to the coverage level applicable under section 3107c to the injured person's policy, and is not entitled to recoupment from the other insurer.

> * * *

> (4) Except as provided in subsections (2) or (3), a person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy as provided in subsection (1) shall claim personal protection insurance benefits under the assigned claims plan under sections 3173 to 3175. This subsection does not apply to a person insured under a policy for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3107d or as to which an exclusion under section 3109(2) applies, or who is not entitled to be paid personal protection benefits under section 3107d(6)(c) or 3109a(2)(d)(ii).

The purpose of the no-fault act is to provide "assured, adequate, and prompt recovery for economic losses stemming from motor vehicle accidents." *St John Macomb Oakland Hosp v State Farm Mut Ins Co*, 318 Mich App 256, 271; 896 NW2d 85 (2016). "Given the remedial nature of the no-fault act, courts must liberally construe its provisions in favor of the persons who are its intended beneficiaries." *Slocum v Farm Bureau Gen Ins Co*, 328 Mich App 626, 638; 939 NW2d 717 (2019) (quotation marks and citations omitted). In the absence of a governing statute, insurance policies are contracts subject to the principles of contract construction applicable to any

other type of contract. *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012). When a statute applies, the insurance policy and the statute must be read together, incorporating the statute into the contract, because it is presumed that the policy satisfied the statutory requirements and the contract was intended to fulfill the statute's purpose. *Id*. (citation omitted). "Thus, when a provision in an insurance policy is mandated by statute, the rights and limitations of the coverage are governed by that statute." *Id*. An insurance policy must be enforced according to its terms, and an insurer may not be held liable for a risk that it did not assume. *Liparoto Constr, Inc v General Shale Brick, Inc*, 284 Mich App 25, 35; 772 NW2d 801 (2009).

"MCL 500.3114(1) establishes a general rule that a person who sustains an accidental bodily injury in a motor vehicle accident must look first to no-fault insurance policies in his or her own household for no-fault benefits before looking to other insurers for benefits." *Esurance Prop & Cas Ins Co v Mich Assigned Claims Plan*, 507 Mich 498, 515; 968 NW2d 482 (2021). See also *Griffin v Trumbull Ins Co*, 509 Mich 484, 498; 983 NW2d 760 (2022) (the general rule requires that a person look to one's own insurer for no-fault benefits unless a statutory exception found in MCL 500.3114(2), (3), and (5) is applicable). "Moreover, it is persons who are insured against loss, not vehicles; that is, no-fault coverage is tied to persons, not vehicles." *Esurance Prop & Cas Ins Co*, 507 Mich at 498.

"[A]n owner or registrant of a motor vehicle is not required to personally purchase no-fault insurance for his or her vehicle in order to avoid the statutory bar to PIP benefits." *Dye v Esurance Prop & Cas Ins Co*, 504 Mich 167, 172-173; 934 NW2d 674 (2019). "Rather, MCL 500.3101(1) only requires that the owner or registrant 'maintain' no-fault insurance, and the term 'maintain,' as commonly understood, means to keep in an existing state." *Id*. at 173. "[A]n owner or registrant of a motor vehicle involved in an accident is not excluded from receiving no-fault benefits when someone other than that owner or registrant purchased no-fault insurance for that vehicle because the owner or registrant of the vehicle may 'maintain' the insurance coverage required under the no-fault act even if he or she did not purchase the insurance." *Id*. at 173.

Under MCL 500.3114, a claimant has the burden of pursuing PIP benefits from a specified list of potential insurers in light of the statutory priority scheme. *Griffin*, 509 Mich at 500. This means that a "claim" for PIP benefits must "put potential insurers on notice and submit insurance claims stating an entitlement to benefits and requesting payment." *Id*. Accordingly, a claimant must diligently pursue his claim for PIP benefits, requiring a good-faith effort to fulfill a legal obligation or requirement consistent with the actions of an ordinarily prudent person under the factual circumstances. *Id*. "Requiring a claimant to identify potential insurers and pursue a PIP benefits claim with due diligence is consistent with the no-fault act and its limitations period." *Id*. Due diligence is a fact-specific determination evaluated on a case-by-case basis. *Id*. "[A] claimant cannot feasibly do more than ascertain all identifiable insurers that are potentially in the order of priority using legal means and available information." *Id*. at 508.

In the present case, the trial court determined that defendants were entitled to summary disposition because an identifiable policy of insurance existed through USAA. Indeed, MCL 500.3172(1)(b) states that a person may be entitled to claim PIP benefits through the assigned claims plan when "[n]o personal protection insurance applicable to the injury can be identified."

The accident occurred on July 17, 2021. The traffic crash report reflects that the accident was reported on July 17, 2021 at 2:48 a.m., and the accident was investigated at the scene by Officer B. Ostrander. This report also indicates that alcohol use was suspected, and field, blood, and "PBT" tests were administered with results pending. It also stated that the Grand Prix suffered disabling damage, and the insurance company was identified as "USAA" with a policy number of "017819084C7101 9." Despite the identification of USAA as the insurer of the Grand Prix, there was no indication that plaintiff ever submitted its requests for payment to USAA, and it did not file suit against USAA in addition to the named defendants. In the present case, plaintiff did not use "available information," specifically the identification of the insurer and the policy number in the traffic crash report, to ascertain all identifiable insurers potentially in the order of priority. *Griffin*, 509 Mich at 508. In light of the facts and circumstances, the trial court did not err in determining that plaintiff failed to meet its burden of claiming PIP benefits from the insurers in the stated order of priority. *Id.* And because plaintiff does not challenge this basis of the trial court's ruling, this Court need not even consider granting plaintiff the relief requested. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004).[4]

Alternatively, plaintiff asserted that the trial court inappropriately granted summary disposition in favor of defendants because they failed to make and support their motion with admissible evidence. Plaintiff failed to address why the evidence was inadmissible and cite pertinent authority. When a party fails to cite authority or elaborate the claim or position, this Court may deem the argument to be abandoned. *St Clair v XPO Logistics, Inc*, 344 Mich App 418, 436; ___ NW2d ___ (2022). Although evidence offered in support of and in opposition to summary disposition must be substantively admissible, it does not have to be in admissible form. See *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009).

We disagree with plaintiff's contention that defendants failed to present admissible evidence to support entitlement to summary disposition. In his deposition, Thorne testified that he leased a Ford F-150, secured insurance through USAA with the assistance of Hart, and texted the insurance documents to counsel during his deposition. As a result of the deposition, defendants obtained the USAA documents governing the policy period when the accident occurred. Plaintiff did not dispute the authenticity of this policy or obtain an affidavit from a USAA representative to contest the validity of the documents. More importantly, the policy documents submitted by defendants acknowledged that it was a renewal of an existing policy and should be added to the existing policy. Plaintiff did not submit this initial policy to support its position that Thorne did

---

[4] Plaintiff alleged that Thorne was not a "named insured" in the USAA policy, and therefore, was not governed by MCL 500.3114, leaving MACP as the applicable insurer under MCL 500.3172. However, the inquiry in MCL 500.3172(1)(b), as reflected by the plain statutory language, is whether insurance can be "identified," not whether an identified insurer will determine that the claim is payable under the policy terms and agree to pay the claim. Further, a claimant must meet its burden of diligently pursuing a claim for PIP benefits in light of all the facts and circumstances. *Griffin*, 509 Mich at 500. In the present case, the USAA policy and the policy number was identified in the traffic crash report, yet plaintiff never asserted that USAA was a potential insurer in the statutory priority scheme. Plaintiff failed to meet this burden in light of the evidence. *Id.*

not have an identifiable and valid insurance policy. Plaintiff merely blanketly questioned Thorne's entitlement to insurance benefits from USAA without submitting contractual documents or an affidavit from a USAA representative that Thorne did not have valid insurance coverage. Because defendants made and supported the summary disposition motion with Thorne's deposition testimony and the USAA policy documents, plaintiff, as the nonmoving party, was required to create a genuine issue of material fact with documentary evidence. *Charter Twp of Pittsfield*, 338 Mich App at 449. Plaintiff did not do so. Accordingly, the trial court did not err in granting defendants' summary disposition motion.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Michael J. Riordan
/s/ Anica Letica