*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

M1 TRANSPORTATION LLC,

Plaintiff-Appellant,

v

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
April 07, 2026
12:49 PM

No. 372652
Wayne Circuit Court
LC No. 24-003730-AV

Before: YATES, P.J., and MARIANI and WALLACE, JJ.

PER CURIAM.

Plaintiff, M1 Transportation LLC (M1), asserts that, as the assignee of a no-fault insurance policy, it is entitled to personal protection insurance (PIP) benefits from defendant, Liberty Mutual Insurance Company (Liberty Mutual), for services provided.[1] The district court denied summary disposition to defendant, but on appeal the circuit court reversed that decision and remanded for entry of summary disposition in defendant's favor. M1 now appeals by leave granted.[2] We vacate both the circuit court's order on appeal and the district court's order denying defendant's summary disposition motion, and we remand the case to the district court for further proceedings.

## I. FACTUAL BACKGROUND

In April 2022, James Frye was in a motor-vehicle collision and sustained injuries. He held an automobile-insurance policy with Liberty Mutual at the time. Between December 2, 2022, and May 1, 2023, Frye used M1's services for his injuries and incurred charges totaling $5,928. In a denial letter dated May 15, 2022, Liberty Mutual stated that Frye had elected "to have [his] group

---

[1] The acronym PIP is used to avoid confusion with property protection insurance benefits, known as PPI benefits. *McKelvie v Auto Club Ins Ass'n*, 459 Mich 42, 44 n 1; 586 NW2d 395 (1998).

[2] *M1 Transp LLC v Liberty Mut Ins Co*, unpublished order of the Court of Appeals, entered April 1, 2025 (Docket No. 372652).

health carrier be primary in the event of medical expenses as a result of the motor vehicle accident," and that bills should be submitted to his health carrier for payment.

On August 1, 2023, M1—as assignee of Frye—filed a complaint in district court requesting payment for PIP benefits and interest. M1 accused Liberty Mutual of refusing to pay M1's charges and unreasonably delaying in making such payments.[3] The trial court entered a scheduling order requiring Liberty Mutual to provide M1 with a copy of the claims file and other documents within 56 days, i.e., by December 14, 2023, and stating that dispositive motions would be heard by April 18, 2024. On December 11, 2023, Liberty Mutual filed its motion for summary disposition under "MCR 2.116(C)(8)(10) [sic]," arguing that Frye explicitly opted out of PIP coverage in his policy, so M1 could not recover PIP benefits from Liberty Mutual pursuant to MCL 500.3107d. In support of its motion, Liberty Mutual attached two redacted policy declarations pages for 2022 and 2023.[4] Frye's policy, effective January 2022, covered three vehicles. Significantly, the declarations page of Frye's coverage identified "Changes made to your policy for: Policy Change 01 . . . Remove Personal Injury Protection 1,2,3," and contained the following statement:

> You have qualified for the following potential savings based on your personal injury protection selection(s):
>
> $6.00 for the selected PIP Deductible
>
> <u>WARNING</u>
>
> One or more of the insureds under this policy have been excluded from personal injury protection benefits based on the availability of qualified health coverage. If your available qualified health coverage changes you must advise us within 30 days. You must obtain coverage for personal injury protection medical benefits for such person(s) within 30 days after the effective date of the termination of qualified health coverage or the person(s) will not be entitled to any PIP medical benefits under this policy as per MCL 500.3107d(6) and MCL 500.3109a(2)(d)(*i*).

In addition, Liberty Mutual attached the declarations page for Frye's 2023 policy. Although it was not the applicable policy at the time of Frye's collision, the 2023 declarations page asserted that:

---

[3] Liberty Mutual's answer to M1's complaint, filed on October 18, 2023, does not appear to be in the scattered lower-court record transmitted to this Court.

[4] Liberty Mutual's summary disposition motion does not appear in original form in the lower-court record. It is attached to other documents in the record, but it does not contain the exhibits originally appended to the motion. This is particularly troublesome because one of M1's contentions before us is that Liberty Mutual offered insufficient factual support for its motion for summary disposition in the district court. Nevertheless, we have been able to locate the pertinent documents scattered elsewhere in the record.

You have qualified for the following potential savings based on your personal injury protection selection(s):

$5546.00 for the selected PIP Deductible

WARNING

One or more of the insureds under this policy have been excluded from personal injury protection benefits based on the availability of qualified health coverage. If your available qualified health coverage changes you must advise us within 30 days. You must obtain coverage for personal injury protection medical benefits for such person(s) within 30 days after the effective date of the termination of qualified health coverage or the person(s) will not be entitled to any PIP medical benefits under this policy as per MCL 500. 3107d(6) and MCL 500.3109a(2)(d)(*i*).

M1 argued that Liberty Mutual failed to provide proof that Frye opted out of PIP coverage, or that he and his household relatives maintained "qualified health coverage," the absence of which would render an opt-out ineffective under MCL 500.3107d(4). In addition, such self-certification of qualified health coverage constitutes inadequate proof pursuant to Department of Insurance and Financial Services (DIFS) 2020-01-INS bulletin. Further, the denial letter suggests that Frye had coordinated benefits with his medical insurer, but he had not declined PIP coverage. M1 asserted that Liberty Mutual's motion should be denied, and the insurance policy should be subjected to reformation for unlimited PIP benefits pursuant to MCL 500.3107d(4). Finally, if Frye had elected to forgo PIP coverage, Liberty Mutual was required to reduce that portion of his premiums to zero. Because Liberty Mutual offered redacted copies of the declarations pages to support its motion, it was entirely unclear whether Frye's premiums were actually reduced, so reformation of the policy was proper on that basis as well.

The district court denied Liberty Mutual's motion for summary disposition on February 2, 2024, without hearing oral argument. The court explained that the denial letter "clearly evidenced that PIP coverage was coordinated, not excluded," and the declarations page for the 2023 policy memorialized that Frye's "potential savings" included "$5546 for the selected PIP Deductible," "suggesting that the prior policy in effect at the time of the accident either did not contain an opt-out or that premiums for a PIP waiver were not reduced by 100%." Thus, the court concluded that "Plaintiff['s] analysis is in all respects on target."

Next, Liberty Mutual moved for reconsideration, attaching Frye's PIP Selection Form to its motion and contending that the form evidenced Frye's assertions that he had medical coverage under Medicare Parts A and B, and that all his other household relatives either had qualified health coverage or PIP coverage through other car insurance policies. That PIP Selection Form seems to have been electronically signed by Frye on January 17, 2022. Liberty Mutual also attached a copy of Frye's Medicare card. The district court denied the motion for reconsideration on February 20, 2024, stating: "[t]he motion does not demonstrate or even allege any error," but "presents, for the first time, a document—Exhibit 'C'—purporting to be electronically signed by the named insured excluding PIP coverage." The district court observed that "[t]he original motion's Exhibit 'C' is a blank document with no signature page." The district court found no demonstration of palpable

error and noted that Liberty Mutual failed to address the court's observations about the "potential savings" differences between the two years of coverage.

On March 12, 2024, Liberty Mutual sought leave to appeal to the circuit court, arguing that Frye had opted out of PIP coverage and that summary disposition was appropriate because of that. Liberty Mutual asserted that M1's citation to the DIFS bulletin for the claim that self-certification was improper lacked merit. Further, despite the signed PIP Selection Form being included for the first time with the motion for reconsideration, it nonetheless was properly before the circuit court on appeal because the district court based its denial, in part, on that document. Additionally, the district court erred by deciding that the denial letter established Frye's coverage was coordinated, since the denial letter merely constituted extrinsic evidence that could not alter the terms of Frye's insurance policy. Finally, as to insurance premiums, M1's argument cited MCL 500.3109a(2)(a), which did not support the proposition that the validity of a PIP coverage opt-out hinges upon the amount that the premium is reduced. Liberty Mutual asserted that M1 "invented" that requirement, and the district court erred by adopting that rationale.

M1 responded that the PIP Selection Form was improperly presented in Liberty Mutual's motion for reconsideration, so the circuit court should not consider it. Also, Liberty Mutual failed to address the premium reductions in the district court, and thereby waived the ability to raise that issue on appeal, and Liberty Mutual offered no proof that it reduced Frye's premiums by 100% as required by MCL 500.3109a(2)(a) when a PIP coverage opt-out occurs. Additionally, the district court correctly found no issue of material fact as to whether there was an effective opt-out of PIP coverage because self-certification of qualified health coverage was insufficient.

Liberty Mutual responded by moving to expand the record on appeal, seeking the inclusion of an affidavit from a senior analyst in its underwriting department asserting that Frye obtained an "almost $2,000" reduction in his premiums for 2022 because he opted out of PIP coverage. M1 opposed the motion.

The circuit court heard oral argument on August 27, 2024,[5] and ruled that the district court clearly considered the PIP Selection Form when denying the motion for reconsideration, thereby making it part of the record on appeal, and that form reflected that Frye opted out of PIP coverage. The court further held that the district court erred by considering the denial letter as modifying the terms of the unambiguous policy. The circuit court identified the remaining question as whether Frye received a reduction of premiums. Regarding Liberty Mutual's request to expand the record on appeal, the circuit court denied the request and held that no portion of the applicable statute— MCL 500.3109a—supports the premise that the failure to reduce the insurance premiums by 100% invalidates a PIP coverage opt-out. That same day, the circuit court issued its written order denying Liberty Mutual's motion to expand the record on appeal, reversing the district court's denial of summary disposition, and remanding the case to the district court for entry of summary disposition in Liberty Mutual's favor. M1 now appeals by leave granted.

---

[5] The circuit court issued a scheduling order in May 2024 permitting additional briefing on appeal and scheduling oral argument, but nothing in the record indicates that the circuit court issued an order granting Liberty Mutual's application for leave to appeal under MCR 7.105(E).

## II. LEGAL ANALYSIS

On appeal, M1 contends that Liberty Mutual failed to present sufficient evidence to support its motion for summary disposition, so the district court did not err by denying the motion. Further, M1 argues that it is inappropriate to offer new evidence in support of a motion for reconsideration, the district court disregarded that new evidence, and it did not abuse its discretion by denying that motion. Also, M1 faults the circuit court for failing to employ the abuse-of-discretion standard on appeal, for holding that the PIP Selection Form was part of the record, and for reversing the district court's denial of summary disposition.[6]

We review the trial court's ruling on a motion for summary disposition de novo, *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019), but we review the trial court's ruling on a motion for reconsideration for an abuse of discretion, *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008), which "generally occurs only when the trial court's decision is outside the range of reasonable and principled outcomes[.]" *Dorsey v Surgical Institute of Mich, LLC*, 338 Mich App 199, 223; 979 NW2d 681 (2021).

Liberty Mutual filed its summary disposition motion under MCR 2.116(C)(8) and (C)(10), but supported its position with evidence beyond the pleadings. A motion under MCR 2.116(C)(8) "tests the legal sufficiency of a claim based on the factual allegations in the complaint," and must be decided "on the pleadings alone," whereas a motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim," and the court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 159-160. Because Liberty Mutual's motion and the district court's decision were both based on evidence beyond the pleadings, the motion was properly evaluated under MCR 2.116(C)(10), and not (C)(8).

Under recent revisions to the no-fault act, MCL 500.3107d(1) enables a named insured to "decline PIP coverage for allowable expenses if the named insured is 'a qualified person,' meaning the named insured has health coverage under parts A and B of Medicare, *and* if household relatives also have the described required other coverage." *Love v Rudolph*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369895); slip op at 11. Frye purportedly made such a declination of PIP coverage.

It seems apparent that Liberty Mutual initially failed to present sufficient factual evidence to support its motion for summary disposition, as evidenced by Liberty Mutual's late-included PIP Selection Form on reconsideration, and its effort to expand the record on appeal to the circuit court. As a general matter, "a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." MCR 2.119(F)(3). "The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from

---

[6] M1 listed three "questions presented" in its brief before us, but it only developed two arguments, and those two arguments essentially address the same matters. "Insufficiently briefed issues are deemed abandoned on appeal." *Greater Bethesda Healing Springs Ministry v Evangel Builders & Const Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009). Thus, we will only address the two briefed arguments.

correction of the error." *Id*. "[A] trial court has discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). Here, we conclude that Liberty Mutual failed to initially support its motion for summary disposition with sufficient evidence. But we note that there are some circumstances in which the trial court should explicitly indicate that it is denying a motion for summary disposition without prejudice and permit additional discovery to occur. This case presents such a situation.

At the time of Liberty Mutual's motion, the record before the trial court was incomplete as to whether Frye had opted out of PIP coverage. Under the trial court's scheduling order, the parties had more than ten weeks remaining to present dispositive motions to the trial court. The parties could have conducted further discovery regarding Frye's opt-out and could have sought summary disposition based on that discovery during those remaining weeks. Instead, this matter proceeded through the appellate process, creating what can be described as a legal paradox: Liberty Mutual added new evidence to support its motion for reconsideration as noted above, but if we afford the relief requested by M1 and reverse the circuit court's decision without allowing further discovery, the case inevitably will proceed to a trial at which Liberty Mutual can introduce the evidence with no further factual development surrounding it, and the outcome of a trial in Liberty Mutual's favor will be a foregone conclusion.

Further, while this appeal was pending, a different panel of this Court rendered an opinion, *Northland Radiology, Inc v Allstate Fire and Cas Ins Co*, ___ Mich App ___; ___ NW3d ___ (2026) (Docket No. 374214), holding that, unless the applicant or named insured provides proof of status as a "qualified person" by having "health coverage under parts A and B of Medicare," and also provides proof of "the applicant's or named insured's spouse['s] and resident relatives[']" qualified health coverage, the "applicant or named insured fails to make an effective election" to opt out of PIP coverage. *Id*. at ___; slip op at 7-8. And "MCL 500.3107d(4) states that the policy is considered to provide unlimited PIP medical coverage[.]" *Id*. at ___; slip op at 8. At this point, the record before us does not indicate whether Frye had a spouse or a resident relative at the time, much less whether a spouse or a resident relative had qualified health coverage.

Further, although the district court correctly denied Liberty Mutual's motion for summary disposition for lack of supporting evidence, it nonetheless determined that the denial letter and the insurance premium reductions "evidenced that PIP coverage was coordinated, not excluded." We find no evidence in the record to support that conclusion, but we shall leave it to the district court to reexamine the record on remand after further discovery if the parties dispute that matter.

Therefore, we vacate both the circuit court's order on appeal and the district court's order denying summary disposition, and we remand the case to the district court for further proceedings consistent with this opinion.[7]  We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Philip P. Mariani
/s/ Randy J. Wallace

---

[7] The district court may, for example, issue a new scheduling order allowing further discovery and the submission of additional dispositive motions.